UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br>       Plaintiff<br><br>vs.<br><br>Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl d. Porcaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon,<br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

The defendants, Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl D. Procaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon (hereinafter "defendants"), respond to the plaintiff's allegations paragraph by paragraph as follows.

### Parties

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendants admit the allegations contained in this paragraph.

1


5. The defendants admit the allegations contained in this paragraph.

6. The defendants admit the allegations contained in this paragraph.

7. The defendants deny that Ms. King was the Vice-Principal. The defendants admit the remaining allegations contained in this paragraph.

8. The defendants admit the allegations contained in this paragraph.

9. The defendants deny that Ms. Moser was a guidance counselor. The defendants admit the remaining allegations contained in this paragraph.

## Jurisdiction

10. The defendants state the allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendants.

11. The defendants state the allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendants.

## Factual Allegations

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. The defendants admit that S.C. has received special education services in Tewksbury since 1994. The defendants further admit that S.C. has been identified as a special needs student has been provided educational services and an individualized education plan for each school year since the time of his enrollment to the current time. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

14. The defendants admit that S.C. was placed in a specialized class and that one of S.C.'s classmates was Student R. The defendants deny the remaining allegations contained in this paragraph.

15. The defendants deny the allegations contained in this paragraph.

16. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph. The defendants deny the remaining allegations contained in this paragraph.

18. The defendants admit that S.C.'s third grade teacher was Mrs. Gallo. The defendants deny the remaining allegations contained in this paragraph.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of this paragraph. The defendants deny the remaining allegations contained in this paragraph.

20. The defendants deny the allegations contained in this paragraph.

21. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of this paragraph. The defendants admit that S.C. was assigned to a seat behind the school bus driver. The defendants deny the remaining allegations contained in this paragraph.

22. The defendants deny the allegations contained in this paragraph.

23. The defendants admit that during the 1998-1999 school year, Stephan was in the fifth grade. The defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph. The defendants deny the remaining allegations contained in this paragraph.

24. The defendants admit that during S.C.'s fifth grade year there was a report of oral sex between S.C. and Student R on the special education transportation vehicle. The defendants further admit that the police were notified, DSS was notified and a neglect report pursuant to M.G.L. c. 119, section 51A was filed. The defendants deny the remaining allegations contained in this paragraph.

25. The defendants deny the allegations contained in this paragraph.

26. The defendants deny the allegations contained in this paragraph.

27. The defendants deny the allegations contained in this paragraph.

28. The defendants state the allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendants.

29. The defendants admit that during the 1999-2000 school year, S.C. attended the J.F. Ryan Elementary School and that Julie E. Bossdorf-Paras was S.C.'s primary sixth grade teacher. The defendants deny the remaining allegations contained in this paragraph.

30. The defendants deny the allegations contained in this paragraph.

31. The defendants admit that in the 2000-2001 school year, S.C. attended the seventh grade at the John w. Wynn Middle School and that Eleanor Edelstein was one of S.C.'s seventh grade teacher. The defendants deny the remaining allegations contained in this paragraph.

32. The defendants deny the allegations contained in this paragraph.

33. The defendants deny the allegations contained in this paragraph.

34. The defendants admit that on January 11, 2001, Mr. Ware discovered Student R and S.C. engaged in sexual activity in the boy's restroom. The defendants deny the remaining allegations contained in this paragraph.

35. The defendants admit that as a result of the January 11, 2001 incident DSS was notified and a neglect report pursuant to M.G.L. c. 119, section 51A was filed. The defendants further admit that DSS found reasonable cause to support the allegations reported. The defendants deny the remaining allegations contained in this paragraph.

36. The defendants admit that S.C. was seen at the Floating Hospital for Children after the incident. The defendants deny the remaining allegations contained in this paragraph.

37. The defendants admit that the Tewksbury Police were notified. The defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

38. The defendants deny the allegations contained in the first sentence of this paragraph. The defendants admit that S.C. has been hospitalized during periods of time since the January 11, 2001 incident. The defendants further admit that S.C. currently resides at the request of his guardians in a residential program. The defendants deny the remaining allegations contained in this paragraph.

39. The defendants deny the allegations contained in this paragraph.

40. The defendants deny the allegations contained in this paragraph.

41. The defendants deny the allegations contained in this paragraph.

42. The defendants deny the allegations contained in this paragraph.

### IV. CAUSES OF ACTION

### COUNT I

### TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 1972

43. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 42 above.

44. The defendants admit the allegations contained in this paragraph.

45. The defendants deny the allegations contained in this paragraph.

46. The defendants deny the allegations contained in this paragraph.

47. The defendants deny the allegations contained in this paragraph.

48. The defendants deny the allegations contained in this paragraph.

## COUNTS II AND III

### RIGHT TO FREEDOM FROM SEXUAL HARASSMENT

49. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 48 above.

50. The defendants deny the allegations contained in this paragraph.

## COUNT IV

### DISCRIMINATION IN PUBLIC SCHOOLS

51. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 50 above.

52. The defendants deny the allegations contained in this paragraph.

53. The defendants deny the allegations contained in this paragraph.

54. The defendants deny the allegations contained in this paragraph.

55. The defendants deny the allegations contained in this paragraph.

56. The defendants deny the allegations contained in this paragraph.

## COUNT V

### TITLE II OF THE AMERICAN WITH DISABILITIES ACT

57. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 56 above.

58. The defendants admit that that S.C. has been diagnosed with Fetal Alcohol Syndrome and moderate mental retardation. The defendants deny the remaining allegations contained in this paragraph.

59. The defendants deny the allegations contained in this paragraph.

60. The defendants deny the allegations contained in this paragraph.

## COUNT VI

## DEPRIVATION OF RIGHTS (42 U.S.C. 1983)

61. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 60 above.

62. The defendants admit that they were acting under color of law. The defendants deny the remaining allegations contained in this paragraph.

## COUNT VII

## MASSACHUSETTS TORT CLAIMS ACT

**A.   Negligence**

63. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 62 above.

64. The defendants deny the allegations contained in this paragraph.

65. The defendants deny the allegations contained in this paragraph.

66. The defendants deny the allegations contained in this paragraph.

67. The defendants deny the allegations contained in this paragraph.

68. The defendants deny the allegations contained in this paragraph.

**B.   Negligent Infliction of Emotional Distress**

69. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 68 above.

70. The defendants deny the allegations contained in this paragraph.

71. The defendants deny the allegations contained in this paragraph.

72. The defendants deny the allegations contained in this paragraph.

73. The defendants deny the allegations contained in this paragraph.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 73 above.

75. The defendants deny the allegations contained in this paragraph.

76. The defendants deny the allegations contained in this paragraph.

77. The defendants deny the allegations contained in this paragraph.

78. the defendants deny the allegations contained in this paragraph.

## COUNT VIII

### LOSS OF CONSORTIUM

79. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 78 above.

80. The defendants deny the allegations contained in this paragraph.

81. The defendants deny the allegations contained in this paragraph.

## COUNT IX

### LOSS OF ENJOYMENT OF LIFE

82. The defendants reassert and incorporate herein their response to allegations contained in paragraphs 1 through 81 above.

83. The defendants deny the allegations contained in this paragraph.

**WHEREFORE,** answering defendants' demand that judgment be entered in their favor with interests, fees and costs awarded to it.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

Count II and Count III of the Complaint (Violation of M.G.L. c. 214, section C and M.G.L. c. 151C) should be dismissed for failure to state a claim upon which relief may be granted.

## THIRD DEFENSE

Count V of the Complaint (Title II of the American with Disabilities Act) should be dismissed for failure to exhaust administrative remedies.

## FOURTH DEFENSE

Count VII of the Complaint (Violation of Massachusetts Tort Claims Act) should be dismissed because the Plaintiff failed to fulfill the presentment requirement pursuant to M.G.L. c. 258, section 4.

## JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE TO A JURY.

Respectfully submitted,
The Defendants,
**Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl d. Porcaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon**
By their attorneys,

Deborah I. Ecker, BBO # 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: February 12, 2004

8