UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-10003PBS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ann Marie Porto and Nicholas Porto, Individually
and on Behalf of Stephen Colon, a Minor Person
with a Disability

Vs.

Town of Tewksbury, Town of Tewksbury Public Schools,
Town of Tewksbury School Committee,
Christine L. McGrath, James McGuire,
Kevin P. McArdle, Pauline King, Loreen R. Bradley,
Michelina DeAngelis, Cheryl D. Porcaro, Carole A. Gallo,
Jennifer A. Fiore, Julie E. Bossdorf-Paras,
Eleanor Edelstein, Robert Ware, Sharon J. Moser,
William X. Traveis, Kara M. Buckley and Allison Dixon

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ASSENTED TO MOTION TO EXTEND TIME
## FOR PRODUCTION OF EXPERT REPORT

The Plaintiffs in the above-referenced matter hereby request that they be allowed to extend the time to produce the report of the expert witness until the Court rules on the Defendant's Motion for Summary Judgment. As grounds for this Motion, Plaintiffs state the following:

The Plaintiffs filed suit against the Town of Tewksbury Public Schools and others alleging violations of Title IX of the Educational Amendments of 1972, Discrimination in the Public School, Title II of the Americans with Disabilities Act, Violation of 42 U.S.C. 1983, Negligence, Intentional Infliction of Emotional Distress, Loss of Consortium and Loss of Enjoyment of Life.

Plaintiffs are required, pursuant to Fed.R.Civ.P. 26(a)(2) to disclose the identity of any expert who may be used at trial. This disclosure must include a written report prepared and signed by the witness for any expert witness who is retained or specially employed to provided expert testimony in the case. The report must contain a complete statement of all opinions to be expressed and the basis and reasons for them, the data used in formulating the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness, the compensation and a listing of any other cases in which the witness has testified as an expert in preceding four years.

Plaintiffs have disclosed the name of their expert to the Defendants and provided a curriculum vitae. However, Plaintiffs have not yet produced a written report as required. The expense for the expert report is substantial, given that the issues are complex and that the expert report will encompass several different aspects of the issues. The Defendants filed a Motion for Summary Judgment on November 30, 2004. If the Defendants prevail on the Motion for Summary Judgment, the need for an expert and for Plaintiffs to incur significant costs will be unnecessary.

The Plaintiffs request that the submission of an expert report be extended until 30 days from the entry of the Court's ruling on Defendant's Motion for Summary Judgment; that the Defendants' expert designation be extended 60 days from the Court's ruling; and that expert discovery be completed by the parties within 90 days from the Court's ruling.

Respectfully requested,<br>
PLAINTIFFS<br>
By their Attorneys,

*/s/ Lynn A. Leonard*
Lynn A. Leonard
Attorney-At-Law
527 Main Street, Suite 8
Melrose, MA 02176
(781) 662-6161
B.B.O. No. 561662

*/s/ Anita B. Sullivan*
Anita B. Sullivan
Attorney-At-Law
458 Main Street
Wakefield, MA 01880
(781) 224-0701
B.B.O. No. 628873

Assented to by: */s/ Deborah S. Ecker*

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on 12/3/04

3