UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability, Plaintiff | ) ) ) ) ) ) |
| vs. | ) ) ) |
| Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl D. Porcaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon, Defendants | ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF ANN MARIE PORTO ATTACHED TO THE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants hereby move to strike the affidavit of Plaintiff Ann Marie Porto attached to the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on the grounds that the affidavit is a thinly veiled attempt on the part of the Plaintiffs to create an issue of fact to defeat the Defendants' Motion for Summary Judgment. Exhibit 1 – Affidavit of Ann Marie Porto. Discovery in this matter closed on October 29, 2004. The Defendants filed a Motion for Summary Judgment to dismiss all of the claims against them on November 30, 2004. The Plaintiff's filed their opposition to the Defendants' Motion on December 31, 2004. At the time the Plaintiffs filed their

Opposition to the Defendants' Summary Judgment Motion, they dismissed all of the sixteen individual defendants they had sued for the violation of 42 U.S.C. § 1983. In addition, the Plaintiffs filed an affidavit by Ms. Porto to support their Opposition Motion. That affidavit contains allegations of detailed statements that Stephen Colon allegedly made to Ms. Porto that the Plaintiffs have never revealed in this matter. More importantly, despite repeated questioning at her lengthy deposition, Ms. Porto remarkably remembers specifics of conversations she had with Tewksbury Public School teachers regarding the alleged sexual behavior between Stephen and her classmate, which conversations were not revealed previously and certainly were not revealed to the Defendants at any time in such detail.

The following alleged statements were not revealed by the Plaintiffs in their Complaint, in the Plaintiff's Answers to Interrogatories or during Ms. Porto's deposition. <u>See</u> Plaintiff's Complaint and Answers to Interrogatories attached hereto as Exhibit 2. Likewise, none of the statements are supported by any of the numerous Tewksbury Public School teachers and administrators deposed in this case and are not supported by the numerous documents produced. Ms. Porto claims that she only recalled this information after her deposition when she had the opportunity to refresh her recollection by reviewing the Plaintiff's Complaint. However, the newly alleged details are not contained in the Complaint and Ms. Porto did not seek to correct her deposition testimony prior to the Defendants filing of their summary judgment motion.[1]

---

[1] The referenced portions of the affidavit are only those portions containing allegations that have not been disclosed by Ms. Porto during this litigation. The Defendants do not agree with all of the remaining allegations, but have addressed those allegations in their Motion for Summary Judgment.

¶ 2 –   [Student R]....was telling sexually explicit stories about his sister having oral sex with a male foster child who lived in [Student R's] home. I reported this to Ms. Mason the classroom teacher.

¶3 –   [Student R] was ...telling stories about sexual acts involving tying a girl to a tree, taking her clothes off and placing sticks in her private parts. I reported this information to the teacher Mrs. Gallo.

¶4 –   [Student R] ....described details of a movie involving a man and woman having oral sex and anal sex and talked about his sister having sex with different boys. I reported this to Ms. Gallo, to the principal and to the special education team at the yearly team meeting.

¶5 –   [Student R] described sexual acts with a younger cousin. I reported this to the classroom teacher, Ms. Fiore.

¶ 6 –   [S.C.] also disclosed that [Student R] touched him behind a poster board in front of Mrs. Paris; ...that [Student R] talked about a movie involving naked women wrestling. I notified Mrs. Paris and Principal Bradley.

¶ 7 –   Mrs. Paris told me that she witnessed sexual touching between the children in the classroom.

¶ 9 –   I had made numerous reports to Ms. Bradley over the course of the school year.

Even if this Court does not strike Ms. Porto's affidavit, the Defendants should still prevail on their motion for summary judgment because the evidence is clear that when the Defendants were notified of any allegations of inappropriate behavior, they responded in a reasonable manner. Ms. Porto, however, should not be allowed to

reveal at this late date allegations of inappropriate behavior that she alleges she reported to the Defendants as such revelations at this late date only after the Plaintiff have had the opportunity to review the Defendant's motion for summary judgment would thwart the whole purpose of the discovery process.

Respectfully submitted,
The Defendants,
**Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl D. Porcaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon,**
By their attorney,


/s/ Deborah I. Ecker
Deborah I. Ecker, BBO # 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100


DATED: January 14, 2005