UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability, <br>         Plaintiff <br><br>vs. <br><br>Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl D. Porcaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon, <br>         Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION TO STRIKE AFFIDAVIT OF S.C. ATTACHED TO THE PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants hereby move to strike the affidavit of S.C. attached to the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on the grounds that the affidavit is a thinly veiled attempt on the part of the Plaintiffs to create an issue of fact to defeat the Defendants' Motion for Summary Judgment. Exhibit 1 – S.C.'s Affidavit. Contained in S.C.'s affidavit are allegations that have not been disclosed by the Plaintiffs in their Complaint, their discovery responses or during Ms. Porto's lengthy deposition. See Plaintiff's Complaint and Answers to Interrogatories attached hereto as Exhibit 2. While S.C.'s deposition was postponed in this matter until after the Court's decision on the Defendants' Motion for Summary Judgment, the Plaintiffs

(which include S.C.) and specifically Ms. Porto should have been aware of the allegations revealed for the first time in S.C.'s affidavit. In addition, given S.C.'s cognitive limitations and the Plaintiff's assertions that his limitations prohibit him from being able to consent to the sexual behavior alleged to have occurred between he and his classmate, the Defendants were quite surprised at the level of sophistication of the language contained in the affidavit and of S.C.'s alleged ability to recall with specificity actual occurrences as far back as the first grade and his ability to allegedly have communicated with teachers at the Tewksbury Public Schools that the behavior made him uncomfortable and was wrong. The new allegations are not supported by any of S.C.'s treatment records, or by the testimony of any of the witnesses deposed in this case, including Ms. Porto.

Regardless, given that the Defendants first learned of the following allegations with the filing of the Plaintiffs' Opposition to the Defendants' Motion, and that the evidence is clear that any time that the Defendants did have notice of allegations of inappropriate behavior their response to the allegations was reasonable, the Defendants should still prevail on their Motion.[1] The new allegations are as follows:

¶ 3a - ...There was this little boy, four years old, and he told me his sister rubbed the little boy's private parts and that he (Student R) was feeling the girl's butt and vagina.

¶ 3b – [Student B] told me that he was in the woods behind his house with his friend and his friend's girlfriend, and they started doing things with the girl like taking her shirt off. [Student R] said he touched her big boobs

---

[1] The referenced allegations are those that the Plaintiffs have not previously disclosed. While the Defendants do not agree with the remaining allegations, the Plaintiff's have disclosed them during discovery.

and fingered her and that it felt real good. When he told me this, I didn't want to know about it.

¶3c – I told Ms. White at recess that [Student R] was bothering me and that I couldn't get him to stop touching me, so I had to defend myself. ...I did say that he was touching my ass. A lot of times I got detention for fighting [Student R] off when he tried to touch me. [Student R] would not get in trouble, but I would.

¶3d – A boy named [Student M] had to go to the bathroom and went into the woods by the playground. [Student M] peed into a cave-like area, and [Student R] forced me to lick it up.

¶5 – In fifth grade, [Student R] would grab my ass during recess. I told him to stop touching me. One time [Student R] and I were behind the poster board. [Student R] was touching my private parts and Mrs. Paris saw it.

¶6 – In fifth grade [Student R] told me he touched his little cousin's private parts. We were all sitting down, and he talked about touching her ass and that she touched his penis. He told us he kissed her all the time and that they slept in the same bed. I told Mrs. Paris that [Student R] was talking about things that were not good.

¶7 – [Student R] told me he had sex with his cousin. He told me he let him watch porn at nighttime, that girls touched themselves in the crotch and ripped off their clothes. He asked me if I ever watched it. ....I told Ms. Paris that [Student R] was touching girls in his house and in the woods.

¶8 – [Student R] told me breasts are on top, the vagina is on the bottom and that's where a baby comes out. He asked me, "How many holes does a girl have?" I didn't know, and he told me they have three, the ass, the crotch (vagina hole) and the mouth.

¶9 -   [Student R] would talk to me about putting my mouth on his penis. He said that he would give me candy cookies or soda.

¶10 -  The bus driver saw us sometimes (taking turns having oral sex on the school bus).

¶11 –  Mrs. Paris saw [Student R] and me touching each other's private parts in the classroom at the computer.

¶13-   [Student R] would press his foot into my crotch underneath the table during math at least once a week. Ms. Paris saw this when it happened and she moved [Student R] to another side of the table. I was angry all the time at the Ryan School. I had arguments with Ms. Paris almost weekly because I was trying to tell her. I would throw books around because I was upset. Ms. Paris told me to sit down and never ask questions.

¶16 –  Every time we went to gym, [Student R] would follow me to the bathroom while the kids were playing games.

¶17 –  On January 11, 2001….I got my books and brought them back to class. [Student R] was on his way out of the bathroom when I asked if I could use the bathroom. [Student R] never went back to class. Instead he followed me into the bathroom. … [S.C.] testified that he went to his locker, returned to class and then asked to use the bathroom.

There has been no evidence produced and no testimony given to support the new allegations referenced above and certainly no evidence produced that any of the individual Tewksbury employees referenced, including former Defendant Paris were deliberately indifferent in their responses to the alleged behavior. Further, there has been no evidence that the Town of Tewksbury, the only remaining Defendant, was aware of any of these new allegations prior to the filing of the Plaintiff's Opposition to the Defendants Motion for Summary Judgment. The evidence is clear as stated in the

Defendants' Memorandum of Law in Support of the Defendants' Motion for Summary Judgment, that when the Town became aware of allegations of inappropriate behavior between the boys the Town's response was reasonable. After having received the Defendants' Motion, the Plaintiffs should not be allowed to make new allegations not disclosed and not addressed during discovery especially through a witness who they have represented is so cognitively limited that he is unable to consent to the behavior alleged and which statements are not supported anywhere in the treatment notes produced or witness testimony at deposition.

Wherefore, the Defendants respectfully request that this honorable Court strike S.C.'s affidavit.

Respectfully submitted,
The Defendants,
**Town of Tewksbury, Town of Tewksbury Public Schools, Town of Tewksbury School Committee, Christine L. McGrath, James McGuire, Kevin P. McArdle, Pauline King, Loreen R. Bradley, Michelina DeAngelis, Cheryl D. Porcaro, Carole A. Gallo, Jennifer A. Fiore, Julie E. Bossdorf-Paras, Eleanor Edelstein, Robert Ware, Sharon J. Moser, William X. Traveis, Kara M. Buckley and Allison Dixon,**
By their attorney,

/s/ Deborah I. Ecker
Deborah I. Ecker, BBO # 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: January 14, 2005