UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br>      Plaintiff<br><br>vs.<br><br>Town of Tewksbury,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Following oral argument on the Defendants' Motion for Summary Judgment, the Defendants hereby submit this supplemental memorandum of law on the issue of whether the Plaintiffs fulfilled the presentment requirement contained in the Massachusetts Tort Claims Act, G.L. c. 258, §4, a statutory prerequisite for filing tort claims against the Defendant Town of Tewksbury.

In their Opposition to the Defendants' Motion for Summary Judgment, the Plaintiffs attach a letter dated February 21, 2002, which they claim serves as a "presentment letter" advising the Defendants of the nature of their claim against them. Such a presentment letter is required pursuant to M.G.L. c. 258, § 4 prior to filing a tort claim against the Defendant, the Town of Tewksbury. The letter referenced by the Plaintiffs, however, is not sufficient to fulfill the statutory requirement, first because it was not served on the Executive Officer of the Town of Tewksbury and second, because it does not provide sufficient notice to the Town of Tewksbury of Plaintiffs' intent to file negligence claims. Rather, the letter referenced was a settlement demand letter sent to

1

the attorney representing the Defendants during the period of time that the claim was pending before the Massachusetts Commission Against Discrimination ("MCAD"). The only claims made by the Plaintiffs contained in their MCAD Complaint were claims pursuant to G.L. Chapters 151B and 151C. There was no claim for negligence pending against the Town of Tewksbury at the time the settlement demand was made and the letter does not provide any notice to the Town of the Plaintiffs' intent to file tort claims against the Town of Tewksbury.

The case law is clear that the presentment must be made to the "executive officer" of the Town. The attorney for the Town retained for purposes of this litigation and who is not "Town Counsel" is not a proper executive officer for purposes of making presentment pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, § 4. See Weaver v. Commonwealth, 387 Mass. 43 (1982); also see Vasys v. MDC, 387 Mass. 51 (1982). Regardless, the settlement letter claimed to be the "presentment letter" does not provide sufficient notice to the Town of the nature of the claim. In fact, the settlement letter does not even mention that the Plaintiffs intend to bring a claim pursuant to the Massachusetts Tort Claims Act and does not set forth any claims of negligence or negligent activity on the part of the Town or Town of Tewksbury employees. The letter was nothing more than a settlement demand sent to the Defendants' attorney while the Plaintiffs' claims brought pursuant to G.L. c. 151B and 151C were pending before the MCAD. The alleged presentment letter is not sufficient and all of the Plaintiffs' negligence claims should be dismissed. See Wrightman v. Methuen, 26 Mass.App.Ct. 279, (1988); also see Tambolleo v. West Boylston, 34 Mass.App.Ct. 526 (1993).

                Respectfully submitted,
                The Defendants,
                Town of Tewksbury,
                By their attorneys,

                /s/ Deborah I. Ecker
                Deborah I. Ecker, BBO# 554623
                BRODY, HARDOON, PERKINS & KESTEN, LLP
                One Exeter Plaza, 12th Floor
                Boston, MA 02116
                (617) 880-7100

DATED: February 3, 2005