```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

```
                                    )
ANN MARIE PORTO and                 )
NICHOLAS PORTO,                     )
Individually and on Behalf of       )
SC, a Minor Person with             )
a Disability,                       )
                     Plaintiffs,    )
          v.                        )   CIVIL ACTION
                                    )   NO. 04-10003-PBS
TOWN OF TEWKSBURY,                  )
TOWN OF TEWKSBURY PUBLIC SCHOOLS,   )
AND TOWN OF TEWKSBURY SCHOOL        )
COMMITTEE,                          )
                     Defendants.    )
                                    )
```

**MEMORANDUM AND ORDER**

June 17, 2005

Saris, U.S.D.J.

### I. INTRODUCTION

Plaintiffs Ann Marie Porto and Nicholas Porto, legal guardians of SC, claim that SC, a male minor, was sexually harassed in the Tewksbury Public School System by a fellow classmate for six years. The harassment alleged includes an incident of oral sex on a school bus and anal sex. Plaintiffs allege that defendants Tewksbury Public Schools, the Town of Tewksbury, and the Tewksbury School Committee (collectively, "Tewksbury") failed to take satisfactory remedial action in violation of Title IX of the Educational Amendments of 1972, 20

1

U.S.C. § 1681(a); Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq*; and various state statutes. Defendants move for summary judgment as to all counts. After hearing, the motion for summary judgment is **DENIED** with respect to the Title IX claim. The Court will not address the multiple state-law claims or the ADA claim until trial.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "To succeed [in a motion for summary judgment], the moving party must show that there is an absence of evidence to support the nonmoving party's position." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.'" Barbour, 63 F.3d at 37 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "There must be

'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.'" Rogers, 902 F.2d at 143 (quoting Anderson, 477 U.S. at 249-50) (citations and footnote in Anderson omitted). The Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." Barbour, 63 F.3d at 36.

### III. DISCUSSION

A private damages action under Title IX of the Educational Amendments of 1972 may lie against a school for student-on-student harassment only where "the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities," and the harassment "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633 (1999).

Plaintiffs have presented sufficient evidence on these points to survive a motion for summary judgment. They have shown that defendants were aware of at least a significant amount of the sexual harassment alleged. While the harassment reported to Tewksbury during SC's early elementary school years may not have reached the required level of severity and pervasiveness, the incident involving oral sex on the school bus that allegedly

3

occurred when SC was in fifth grade, of which Tewksbury was aware, in combination with incidents in the two years that followed, clearly did. These incidents are much more serious than the "insults, banter, teasing, shoving, pushing, and gender-specific conduct" common in classrooms that the Supreme Court has cautioned should not be confused with severe and pervasive harassment. Id. at 651.

A school acts with deliberate indifference if its "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." Id. at 648. Tewksbury's original response to the incident involving oral sex may have been reasonable – the Superintendent of Schools, the boys' parents, the Police Department, and the Department of Social Services were notified, and heightened restrictions were placed on the boys. However, there is a genuine issue of disputed fact as to the reasonableness of Tewskbury's conduct once it had actual notice that its actions regarding the boys were inadequate. Plaintiffs contend that despite documented reports in October 2000 that the sexual touching had resumed, the school did not notify the boys' parents or implement a counseling regime. In addition, the boys were left unsupervised during gym despite a counselor's advice to keep the boys separate. Tewksbury argues that this Court should not second-guess Tewkbury's management of the problem. However, in light of the longstanding pattern of

sexual conduct between the two boys, whether the school's actions following these reports amounted to deliberate indifference is a question of fact that a jury should resolve.

Finally, Tewksbury contends that SC consented to the sexual conduct alleged in this case. Generally speaking, sexual advances in harassment cases must be "unwelcome." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986). Here, however, SC was too young for a finding of genuine welcomeness. See Mary M. v. N. Lawrence Cmty. Sch. Corp., 131 F.3d 1220, 1225 (7th Cir. 1997) ("Welcomeness is an improper inquiry to be made in Title IX cases involving sexual discrimination of [kindergarten through eighth grade] children."); Dept. of Ed., Office for Civil Rights, Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties, 62 Fed. Reg. 12,034, 12,040 (March 13, 1997)("If younger children are involved, it may be necessary to determine the degree to which they are able to recognize that certain sexual conduct is conduct to which they can or should reasonably object and the degree to which they can articulate an objection."). Moreover, SC has delayed cognitive abilities that place his capacity to consent further in doubt. Lastly, there is a disputed fact in this case concerning SC's consent to the anal sex. Tewksbury's consent argument therefore fails.

## IV. ORDER

Defendants' motion for summary judgment (Docket No. 15) as to the Title IX claim is **DENIED**. The Court will not address the motion as to plaintiffs' other claims until trial.

S/PATTI B. SARIS

United States District Judge
