UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br><br>Plaintiffs<br><br>vs.<br><br>Town of Tewksbury<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PRE-TRIAL DISCLOSURES

1. **Objection to Witnesses the Plaintiffs Expect to Present**

   m. Elizabeth Stasio-Englehart: Ms. Stasio-Englehart is the Department of Social Services' investigator who conducted an investigation and authored an investigation report following the January 11, 2001 incident at Wynn Middle School pursuant to M.G.L. c. 199, §51B. Ms. Elizabeth Stasio-Englehart has no firsthand knowledge concerning the allegations contained in the Plaintiff's complaint. Rather, her testimony and her report is based purely on what the individuals that she spoke with allegedly told her during the course of her investigation. Any testimony on her behalf would be purely hearsay.

   n. Norman Tanquay, M.D.: Upon information and belief, Dr. Tanquay was S.C.'s pediatrician for several years. The Plaintiffs have not disclosed Dr. Tanquay as an expert witness in this matter. The

1

Defendants object to Dr. Tanquay's testimony to the extent that it goes beyond his actual treatment of S.C.

p. Alexandria M. Weida, Ed.D: Dr. Weida evaluated S.C. after the January 2001 incident. The Plaintiffs have not disclosed Dr. Weida as an expert witness in this matter. The Defendants object to Dr. Weida's testimony to the extent that it goes beyond her treatment of S.C. and to the extent that the Plaintiffs seek to elicit opinions from Dr. Weida that are not contained in her treatment notes or reports and that have not been disclosed to the Defendants.

q. Bradford M. Smith, Ph.D.: Dr. Smith treated S.C. following the incident in January 2001 and allegedly following the incident in 1999, although neither the Plaintiffs nor Dr. Smith have produced any record of his treating S.C. in 1999. The Plaintiffs have not disclosed Dr. Smith as an expert witness in this matter. The Defendants object to Dr. Weida's testimony to the extent that it goes beyond his treatment of S.C. and to the extent that the Plaintiffs seek to elicit opinions from Dr. Smith that are not contained in his treatment notes and that have not been disclosed to the Defendants.

r. Joel Herskowitz, M.D.: Dr. Herskowitz treated S.C. at the Floating Hospital for Children. The Plaintiffs have not disclosed Dr. Herskowitz as an expert witness in this matter. The Defendants object to Dr. Herskowitz' testimony to the extent that the Plaintiffs seek to elicit opinions from Dr. Herskowitz that are not contained

    in his treatment notes and that have not been disclosed to the Defendants.

  s.-bb. The Plaintiffs have listed 10 Keeper of the Records as witnesses at trial. To the extent that the Plaintiffs are intending to call the Record Keepers simply to authenticate documents, the Defendants suggest that their testimony is not necessary and will stipulate to the records' authentication if the Defendants are provided with a copy of those records being requested along with a written certification from the Record Keepers that all of the records have been provided. However, the Defendants do not agree that the records listed are relevant and until the Plaintiff indicates the specific document that they intend to introduce into evidence at trial, the Defendants cannot take a position as to the admissibility of the specific document into evidence at trial.

2. **Objections to Documents or Exhibits the Plaintiff Intends to Offer**

  c. Tewksbury Public School Records for R.C.: The Defendants objects to the introduction of R.C.'s school records into evidence at trial and did not produce those records to the Plaintiffs during the discovery phase on the grounds that R.C.'s records would be contained in the school record of a minor student who is not a party to this lawsuit and whose school records are confidential.

  m. Letter from Virginia Casey Gosniak to Deborah I. Ecker: Ms. Casey Gosniak was the Plaintiffs' prior attorney when the matter was pending before the Massachusetts Commission Against Discrimination. The letter the Plaintiffs seek to introduce is a letter

        from Attorney Gosniak to Attorney Ecker regarding settlement of the claim then pending which was a claim being brought by the Plaintiffs pursuant to M.G.L. Chapters 151B and 151C. Documents evidencing settlement discussions are not admissible at trial and have no relevance to the claim now pending. The Plaintiffs have previously suggested that the letter was sufficient to fulfill the statutory pre-requisite pursuant to M.G.L. c. 258, § 4 that a presentment letter be provided to the municipal defendant prior to filing a Chapter 258 claim against the municipality. The question of presentment is one of law and thus this letter is not a proper exhibit.

p.-s.    The Plaintiff seeks to introduce S.C.'s medical records from New England Medical Center Floating Hospital for Children, Massachusetts General Hospital, Children's Hospital and Bournewood Hospital. As the Plaintiffs have not set forth specifically which documents contained in the medical records they seek to introduce into evidence at trial, the Defendants object to the introduction of those documents to the extent that they are not relevant and to the extent that they contain hearsay statements and are being introduced by the Plaintiff for the truth of the substance contained in those documents.

t.    Records from Dare Family Services, Inc.: The Plaintiffs have not set forth specifically which documents contained in the Dare Family Services, Inc. records they seek to introduce into evidence. The Defendants will not object to the authenticity of the records, but

<div align="center">4</div>

will object to the introduction of the documents to the extent that they are not relevant and/or contain hearsay statements and are being admitted for the truth of the substance therein.

u. Massachusetts Department of Education Compliance Report dated June 19, 2002: The Defendants object to the introduction of this report on the grounds that the report is not relevant. Further, if the Plaintiffs are going to be allowed to introduce the report, they will need to present witnesses to testify how the information was compiled, how the results were reached, which if any of the Tewksbury employees involved in the subject case were questioned in obtaining the information, and the response to the report by Tewksbury Public Schools.

x. Medical Bills from Mass. Health: The Plaintiffs have not set forth specifically which medical bills from Mass Health they intend to introduce at trial. The Defendants object to the medical bills being introduced into evidence at trial to the extent that they are not relevant.

aa. Department of Education Regulations: The Defendants object to the regulations being introduced into evidence at trial as the introduction into evidence of state regulations is not proper. Rather, if relevant at trial, the Plaintiffs can request that the Court take judicial notice of the regulations and instruct the jury if relevant as to the regulations.

bb. Curriculum Vitae of Alexandria M. Weida: The Defendant objects to the curriculum vitae of Dr. Weida being introduced into

evidence at trial as Dr. Weida is not being called by the Plaintiffs as an expert witness at trial, but only to testify as to her treatment of S.C. and the contents of her treatment notes and/or report.

<div style="margin-left: 40%;">
Respectfully submitted,<br>
The Defendants,<br>
**Town of Tewksbury**<br>
By their attorney,<br>
<br>
<br>
/s/ Leonard H. Kesten<br>
Leonard H. Kesten, BBO# 542042<br>
Deborah I. Ecker, BBO # 554623<br>
BRODY, HARDOON, PERKINS & KESTEN, LLP<br>
One Exeter Plaza<br>
Boston, MA 02116<br>
(617) 880-7100
</div>

DATED: September 9, 2005