UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION IN LIMINE REGARDING PRIVILEGE

Now Come Plaintiffs, by and through counsel, and move in limine to exclude Eagleton Clinical ISP Reviews/Psychiatric Updates, the Report of Daniel M. Pilachowski ("Pilachowski") and records from the Center For Family Development. As grounds therefore, Plaintiffs state that the records are protected under the psychotherapist privilege, M.G.L. ch. 233 §20B, and/or the Licensed Independent Social Worker Privilege, M.G.L. ch. 112 §135B. Disclosure of these records at trial constitutes an unwarranted invasion of privacy. This privilege applies to records identified in Defendants Pre-Trial Disclosures dated September 1, 2005 and includes records from three licensed social workers, Daniel M. Pilchawoski, Patricia Doherty, Maureen Pyrjma Beatrice Guilbault and a psychiatrist, Philip J. Pryjma. The holders of the privilege are SC, Ann Marie Porto, Nicholas Porto[1] and Alyssa Porto (a non-party).

The pending suit includes claims under Title IX (20 U.S.C. §1681(a), Title II of the American with Disabilities Act, M.G.L. ch. 214 §1C,  ch. 76 §5, ch. 258 §4, ch. 231

---

[1] Nicholas Porto participated in family therapy through the Center For Family Development. Mr. Porto has not waived any of the identified privileges.

1

§85X, Intentional and Negligent Infliction of Emotional Distress, Loss of Consortium and Loss of Enjoyment of Life alleging that SC, a cognitively impaired student was subjected to repeated harassment of a sexual nature by a peer for a period of years while attending a public school in Tewksbury, Massachusetts.  SC was placed in a residential treatment program in February 2002, approximately thirteen months after the last reported incident of molestation in the Tewksbury public school.  SC's mental state, while in residential placement, is not germane to whether the acts in Tewksbury Public Schools occurred.

Tewksbury will contend the records are admissible as they are relevant to causation and to the Plaintiffs' level of emotional distress related to damages.  This contention is wrong.

The LICSW privilege, pursuant to M.G.L. ch. 112 §135B provides that:

> "Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings, a client shall have the privilege of refusing to disclose and of preventing a witness from disclosing, any communication, wherever made, between said client and a social worker licensed pursuant to the provisions of section one hundred and thirty-two of chapter one hundred and twelve, or a social worker employed in a state, county or municipal governmental agency, relative to the diagnosis or treatment of the client's mental or emotional condition.  If a client is incompetent to exercise or waive such privilege, a guardian shall be appointed to act in the client's behalf under this section.  A previously appointed guardian shall be authorized to so act.  Upon the exercise of the privilege granted by this section, the judge or presiding officer shall instruct the jury that no adverse inference may be drawn there from." M.G.L. ch. 112 § 135B.

An exception to M.G.L. ch. 112 § 135B applies in subsection (c):

> " In any proceeding, except one involving child custody, adoption or adoption consent, in which the client introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the

communication be disclosed than that the relationship between the client and the social worker be protected. M.G.L. ch. 233 § 20B(c).

The Psychotherapist statute is virtually the same, although it applies to a different designation of licenses. Dr. Philip Pryjma, a practicing psychiatrist is subject to the Psychotherapist statute. M.G.L. Chapter 233, Section 20B regarding privileged communications between patients and psychotherapists provides that:

> "Except as hereinafter provided, in any court proceeding and in any proceeding preliminary thereto and in legislative and administrative proceedings, a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition. This privilege shall apply to patients engaged with a psychotherapist in marital therapy, family therapy, or consultation in contemplation of such therapy. If a patient is incompetent to exercise or waive such privilege, a guardian shall be appointed to act in his behalf under this section. A previously appointed guardian shall be authorized to so act. Upon the exercise of the privilege granted by this section, the judge or presiding officer shall instruct the jury that no adverse inference may be drawn therefrom."

The exceptions for waiving the privilege under the psychotherapist statute mirror the social worker privilege waivers. However, the exceptions do not apply here. In particular, and as described more fully below, "Plaintiff has not 'introduced his mental or emotional condition as an element of his claim' merely by stating a claim for emotional distress damages." Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33, 126 F.R.D. 422, 426 (D. Mass. 1989).

Even if the Court finds that Plaintiff has introduced his mental or emotional condition as an element of his claim by requesting emotional distress damages, this provision does not automatically provide for abrogation of the therapist-patient privilege, as the United States Supreme Court made a significant ruling in support of a therapist-

3

patient privilege under federal common law to protect against exactly the sort of intrusion that Defendant seeks here. Jaffee v. Redmond, 518 U.S. 1 (1996)  The Jaffee Court applied the therapist privilege to social workers and recognized the increasing importance of and reliance on mental health services in our society.  In adopting the privilege, the Court noted that "the need and demand for counseling services has skyrocketed during the past several years." Jaffee, 518 U.S. at 6.

In fact, the Massachusetts Supreme Judicial Court has itself cited Jaffee and other federal common law decisions in a case construing the Massachusetts psychotherapist-patient privilege.  *See* Commonwealth v. Fuller, 423 Mass. 216, 221-222 (1996). Furthermore, even if this Court concludes that Plaintiffs  mental or emotional state is at issue and that the Court must conduct a balancing analysis pursuant to Mass.Gen.L, ch. 112 § 135B(c), quoted *supra*, the Court may look to the reasoning of federal common law decisions as persuasive authority in making this balancing determination.

In Jaffee, the Supreme Court issued a strong statement that:

> [the] psychotherapist-patient privilege [serves] a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth ... [and so] confidential communications between a licensed psychotherapist and [his] patients in the course of diagnosis or treatment are protected from compelled disclosure.  Jaffee, 518 U.S. at 15.

Following the decision in Jaffee, federal district courts in Massachusetts have denied Defendants' motions to compel discovery regarding Plaintiffs' psychotherapy in discrimination cases, even in cases in which the Plaintiff claims damages for emotional distress. For instance, in Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997), while addressing discrimination claims under both state and federal law, the court denied the Defendants' motions to compel the Plaintiff to produce her psychotherapy

4

records, to answer questions at a deposition concerning the substance of any psychotherapy she may have undergone, and to allow the deposition of any mental health professionals who provided such treatment to the Plaintiff. There, the court specifically ruled that a claim for emotional distress damages does not constitute a waiver of the privilege. See Id. at 228. *See also* Sabree, 126 F.R.D. at 426 (a Plaintiff does not place his mental condition at issue by making a "garden variety claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination")

On issues regarding privilege, it is particularly important for state and federal law to be consistent. *See* Jaffee, 518 U.S. at 13 ("given the importance of the patient's understanding that [his] communications with [his] therapist will not be publicly disclosed, [one forum's] promise of confidentiality would have little value if the patient were aware that the privilege would not be honored in [another forum]").[1]

Under the Jaffee, Sabre and Vanderbilt rulings, the federal psychotherapist-patient privilege is no longer vulnerable to a mere balancing analysis;[2] the privilege is now sacrosanct except in extremely limited circumstances, such as when there is a "serious

---

[1] Plaintiff may, however, without waiving the privilege, use evidence regarding the fact that he sought therapy as a result of defendant's action in placing him on involuntary leave and seeking his involuntary retirement in support of his claim of emotional distress, so long as he does not himself attempt to enter into evidence the substance of those privileged communications. See Chilmark, 174 F.R.D. at 229-30 ("The act of seeking damages for emotional distress is analogous to seeking attorney's fees. The fact that a privileged communication has taken place may be relevant. But, the fact that a communication has taken place does not necessarily put its content at issue . . . The substance of the psychotherapist-patient communication is privileged. The fact that such communication took place is not").

[2] At best waiver of the privilege results only in those cases in which there is a reasonable risk that nondisclosure may result in an erroneous conviction. Bishop, 41 6 Mass. at 177; Fuller, 423 Mass. at 223. The case at bar is a civil case, and defendant's interest in defending itself against Plaintiff's claims for emotional distress damages is in no way as compelling as an interest in defending oneself against an erroneous criminal prosecution.

threat of harm to the patient or to others" which can only be averted by disclosure of psychotherapeutic communications. Jaffee, 518 U.S. at 18 n.19.

The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance. Jaffee, 518 U.S. at 11. *See also* Sabree, 126 F.R.D. at 425.

In the case at bar, Plaintiffs' therapy records are not relevant simply because Plaintiffs listed a claim for emotional distress damages.

The Supreme Court's rationale in Jaffee for eliminating the balancing analysis under the federal psychotherapist-patient privilege provides a strong justification for a limited construction of M.G.L. ch. 233 § 20B and ch. 112 § 135B(c), the provisions under Massachusetts law that allow balancing when a party's mental or emotional state is at issue.

WHEREFORE, Plaintiffs respectfully request this Honorable Court allow their Motion to exclude privileged documents.

Respectfully submitted,
Plaintiffs
By their Attorneys,

/s/  Lynn A. Leonard                                    /s/  Anita B. Sullivan
_____                _____
Lynn A. Leonard                                         Anita B. Sullivan
Attorney-At-Law                                         Attorney-At-Law
527 Main Street, Suite 8                                458 Main Street
Melrose, MA  02176                                      Wakefield, MA  01880
(781) 662-6161                                          (781) 224-0701
B.B.O. No. 561662                                       B.B.O. No. 628873

Dated:  September 9, 2005