UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

**PLAITIFF'S REQUEST FOR REASONABLE ACCOMMODATION**

    NOW come Counsel for Plaintiffs, Ann Marie and Nicholas Porto and S.C., who by and through their attorneys Lynn Leonard and Anita Sullivan respectfully request this Honorable Court allow modifications and limitations on the direct and cross-examination testimony of S.C. based on his cognitive limitations. As grounds therefore Counsel state the following:

1. SC is an eighteen-year-old male with Fetal Alcohol Syndrome and decreased cognitive functioning. SC is mildly mentally retarded. Cognitive testing places SC's full scale intelligence quotient (IQ) at 70, in the range of mild mental retardation.

2. SC receives specialized services under an Individual Education Plan ("IEP") pursuant to the Individuals with Disabilities Education Act ("IDEA"). SC has been identified as a student with special needs throughout his educational career. Past teachers, such as Julie Paris, one of SC's former teachers from Tewksbury, stated that SC had immature language skills. (Exhibit 1, Depo. of Julie Paris, pp. 46-47)

3. SC turned eighteen years old on March 4, 2005. However, he is unable to function independently and requires ongoing assistance from his Legal Guardians via the Probate Court standards for an adult with mental retardation pursuant to M.G.L. c. 201, §16. (Exhibit 2, Guardianship).

4. SC exhibited language deficits in his deposition. SC was easily upset and required several breaks during his deposition. (Exhibit 3, Depo. of SC, pp. 65-68).

5. SC is unable to sustain attention for an extended period of time and is sometimes unable to regulate his emotions due to decreased executive functioning, especially in stressful situations. He can be easily upset, anxious and fearful, which further negatively impacts

    his executive functioning and subsequent behaviors and verbalizations.

6. All persons are presumed competent to testify, absent a showing to the contrary. No modern rule defines any particular age as conclusive of competency. See *Wigmore*, Evidence in Trials at Common Law, v.2, §505.

7. Under Fed.R.Evid. 601, regarding general competency, "Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law." Fed.R.Evid. 601.

8. In general, a witness is competent if he meets four requirements:

    a. He must, with understanding, take the oath or a substitute. Evid. Code §§ 710, 701; Fed.R.Evid. 603;

    b. He must have personal knowledge about the subject of his testimony. In other words, the witness must have perceived something with his senses that is relevant to the case. Evid. Code § 702; Fed.R.Evid. 602;

    c. He must remember what he perceived; and

    d. He must be able to communicate what he perceived. Evid. Code § 701(a)(1).

9. SC is able to testify under the standards of testimonial competency pursuant to the Federal Rules of the Court. SC understands his obligation to tell the truth and is able to relate his observations. However, SC has decreased cognition which requires accommodations in order to convey the information he has to the Court and jury without prejudice.

10. Pursuant to Federal Rule of Evidence 611, the Court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (a) make the interrogation and presentation effective for the ascertainment of the truth and (b) avoid needless consumption of time and protect witnesses from harassment or undue embarrassment." The Court has the authority to allow accommodations to avoid prejudicing the witness under Section (C) of Rule 611. "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness's testimony." Fed.R.Evid. 611

On the instant facts, SC will require accommodations in order to prevent prejudice, undue embarrassment and harassment including the following:

    a. Breaks every 15 to 30 minutes;

    b.  Leading questions to establish foundations;

    c.  The presence and support of persons (Ann Marie and Nicholas Porto and his clinician, Patricia Doherty) in the courtroom and access to them during breaks.

    d.  The use of simple language in questioning and a system of feedback from Stephen to see if he understands the questions being asked. The questioner may need to restate the question in simpler terms, as SC avoids embarrassment by attempting to answer questions he does not understand with unpredictable results.

    e.  Consistent reassurance from the examiner that if he does not understand a question, he can so state.

WHEREFORE, Counsel request this Honorable Court allow accommodations in order for SC to avoid embarrassment and undue prejudice based on his cognitive limitations in addition to any additional remedy the Court deems just and reasonable, including but not limited to, an evidentiary hearing on the issue.

                                               Respectfully submitted,

                                               Plaintiffs
                                               By their Attorneys,

| /s/ Lynn A. Leonard | /s/ Anita B. Sullivan |
|---|---|
| Lynn A. Leonard | Anita B. Sullivan |
| Attorney-At-Law | Attorney-At-Law |
| 527 Main Street, Suite 8 | 458 Main Street |
| Melrose, MA 02176 | Wakefield, MA 01880 |
| (781) 662-6161 | (781) 224-0701 |
| B.B.O. No. 561662 | B.B.O. No. 628873 |

Dated: September 9, 2005