UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CHARACTERIZATION OF PLAINTIFF AS A SEXUAL OFFENDER OR PERPETRATOR

Plaintiffs move this Honorable Court for an order in limine precluding the Defendant and their witnesses and counsel from refraining from any direct or indirect reference which in any way characterizes the plaintiff SC as a sexual offender or perpetrator. The case is based on Title IX (among other complaints) and will include a determination of these basic issues: whether or not the Defendant School District violated Title IX and whether Plaintiff was damaged by the violation, and if so, the amount of damages to be awarded.

Plaintiff believes Defendants will attempt to characterize the student, SC, as a sexual predator or sexual offender. Any such characterization is inappropriate because it does not fall within Rule 608 regarding evidence of character and conduct of the witness, and is highly prejudicial and would require an expert foundation as it is an opinion which is highly inflammatory.

An ordinary objection during the course of trial, even if sustained with proper instructions to the jury, will not remove such effect for the reasons stated herein.

1. The characterization of SC as an offender or perpetrator is not relevant under Fed.R.Evid. 401 and should be excluded under Fed. R. of Evid.402 which provides that "[e]vidence which is not relevant is not admissible." Fed. R. of Evid.402; <u>United States v. Griffin</u>, 389 F.3d 1100, 1103 (10th Cir.2004). Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. (See also, Plaintiff's Memorandum of Law Regarding Fed.R.Evid. 412).

  The unproven characterization of SC as a perpetrator does not make it more or less likely that SC was subjected to sexual harassment due to the deliberate indifference of the school district.  Defendants may not pile inferences on top of each other without intermediary evidentiary support.  Even if relevant, the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice and confusion of the issues.  On this basis, the evidence should be excluded pursuant to Fed. R. Evid. 403. "Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. <u>U.S. v. Griffin</u>, 389 F. 3d at 1103 (quoting Fed.R.Evid. 403) "Unfair prejudice" is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. <u>Griffin</u> at 1103 n.1 (quoting Fed.R. Evid.403 Advisory Committee's Notes).

  Further, specific instances of conduct may not be proved by extrinsic evidence to attack SC's credibility for truthfulness and must be excluded pursuant to Fed. R. Evid. 608(b) <u>U.S. v. Mangiamelli</u>, 668 F.2d 1172,1176 (10th Cir.1982)(attacking credibility by extrinsic evidence of conduct is forbidden by Rule 608(b).

  Moreover, a substantial danger in attacking SC as a perpetrator or offender is based on his cognitive limitations.

  WHEREFORE, for the above and foregoing reasons, the Court should grant Plaintiff's motion and prohibit Defendant and its witnesses and counsel from making any direct or indirect reference to SC's identification as an offender or perpetrator.

                Respectfully submitted,

                Plaintiffs
                By their Attorneys,

/s/  Lynn A. Leonard         /s/   Anita B. Sullivan
_____     _____
Lynn A. Leonard           Anita B. Sullivan
Attorney-At-Law           Attorney-At-Law
527 Main Street, Suite 8        458 Main Street
Melrose, MA  02176         Wakefield, MA  01880
(781) 662-6161           (781) 224-0701
B.B.O. No. 561662          B.B.O. No. 628873

Dated:  September 9, 2005