UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto,<br>Individually and on Behalf of SC,<br>a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE REGARDING
FEDERAL RULES OF EVIDENCE 412 AND 802**

Now Come Plaintiffs, by and through counsel, and move in limine to exclude portions of the following proffered records:  (1) Eagleton Clinical ISP Reviews/Psychiatric Updates; (1) Report of Daniel M. Pilachowski ("Pilachowski"); (3) Center For Family Development; (3) Bournewood Hospital; (4) New England Medical Center; and (4) Wilmington Pediatrics; and the (5) Report of Dr. Alexandria Weida..  As grounds therefore, Plaintiffs state that the records are subject to the limitations set forth in Federal Rules of Evidence 412 and/or 802.

**II.    THE RECORDS ARE SUBJECT TO THE LIMITATIONS OF
        FED.R.EVID 412**

Plaintiffs argue that portions of the proffered records are inadmissible pursuant to Fed.R.Evid. 412.  Rule 412 of the Federal Rules of Evidence, as amended in 1994, "expand[s] protection afforded alleged victims of sexual misconduct" and 'safeguard[s] the alleged victim against the invasion of privacy, potential embarrassment and sexual

1

stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." Advisory Committee Notes, 1994 Amendment to Fed.R.Evid. 412. Although typically applied to criminal cases, Rule 412 likewise applies to civil cases "involving sexual misconduct," and to Title VII sexual harassment cases in particular. See Herchenroeder v. Johns Hopkins University, 171 F.R.D. 179, 181 (D.Md. 1997).

Subject to specific exceptions, Rule 412 generally bars the admission of two categories of evidence: (1) "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior"; and (2) "[e]vidence offered to prove any alleged victim's sexual predisposition" Fed.R.Evid. 412(a)(1). In this case, Defendant seeks to offer SC's Clinical ISP Reviews, Psychiatric Updates and the Pilachowski report. These and other documents identified herein include references to other alleged sexual behavior, which Defendant obviously offers to prove SC's sexual predisposition and that SC engaged in other sexual behavior. This evidence is clearly inadmissible pursuant to Rule 412.

This case involves, *inter alia*, allegations of sexual harassment and negligent supervision. It is undisputed that SC was a victim by virtue of his age and cognitive limitations. On June 17, 2005, this Court issued an Order stating that "SC was too young for a finding of genuine welcomeness," citing Mary M. v. N. Lawrence Cmty. Sch. Corp., 131 F.3d 1220, 1225 (7th cir. 1997). ("Welcomeness is an improper inquiry to be made in Title IX cases involving sexual discrimination of [kindergarten through eighth grade] children."); Dept. of Ed., Office of Civil rights, Sexual Harassment guidance: Harassment of Students by school Employees, Other Students, or Third parties, 62 Fed. Reg. 12,034, 12, 040 (March 13, 1997 ("If younger children are involved, it may be

necessary to determine the degree to which they are able to recognize that certain sexual conduct is conduct to which they can or should reasonably object and the degree to which they can articulate an objection"). Moreover, SC has delayed cognitive abilities that place his capacity to consent further in doubt."

Furthermore, Tewksbury Public School Principal James McGuire acknowledged that "both boys were victims." (Deposition of James McGuire, Ex. 1). Consequently, the Tewksbury Public Schools hired Dr. Alexandria Weida to perform an evaluation of Stephen, which was completed on March 15, 2001. Dr. Weida also concluded that SC was a victim stating that " . . . he is himself at significant risk of sexual victimization by less well intentioned others in the environment." (Report of Dr. Weida, Ex. 2). The clinical records that Defendant seeks to introduce similarly characterize SC as a victim. The Eagleton Psychiatric Update dated June 17, 2003 states at page 2 that "His upset has also been expressed more openly regarding his own manipulation by others, ie [sic] there was a peer who had sexual activity with him in his old school and it was clear that this was a manipulation because of the intellectual superiority of the person who manipulated Steven to continue sexual activity." (Ex. 3).

Fed.R.Evid. 412(b)(2) states that in a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Fed.R.Evid. 412(b)(2). The admission of the records identified herein would result in unfair prejudice to SC. The records contain numerous references to SC's alleged sexual behavior with a foster sibling. This information is unrelated to SC's "garden variety" emotional distress

3

damages claim against Defendant. Nor does it relate the issue of causation. SC was placed at the Eagleton School as a result of ongoing sexual harassment that occurred while *at* school over several years. He is seeking emotional distress damages for violation of his civil rights and for Defendant's negligent failure to keep him safe. The interaction between SC and a foster sibling occurred in February of 1999. (Affidavit of Bradford Smith, Ex. 4). SC remained in Tewksbury Public Schools for two years thereafter. He left the Tewksbury Public School in January 2001 solely as a result of incidents of sexual harassment that occurred in the school setting. Thus, evidence regarding prior sexual acts would serve only to confuse and mislead the jury as to the relevant issues. Moreover, there would be significant harm to SC's long-term therapeutic relationship by making public his confidential disclosures.

## II. THE RECORDS ARE SUBJECT TO THE LIMITATIONS OF FED.R.EVID 802

Pursuant to Fed.R.Evid 802, hearsay evidence is not admissible. The above-referenced clinical records also require expert foundation in order to assist the jury in any way. Moreover, statements made by SC allowed into evidence as an admission of a party opponent are highly prejudicial in light of SC's cognitive limitations. SC suffers from fetal alcohol syndrome, which affects his ability to understand and to communicate. (Affidavit of Maureen Pryjma, Ex. 5). Therefore, the ability to assess his credibility is critical in determining the reliability of SC's statements set forth in the proffered records.

                                              Respectfully submitted,

                                              Plaintiffs
                                              By their Attorneys,

| /s/  Lynn A. Leonard | /s/   Anita B. Sullivan |
|---|---|
| Lynn A. Leonard | Anita B. Sullivan |
| Attorney-At-Law | Attorney-At-Law |
| 527 Main Street, Suite 8 | 458 Main Street |
| Melrose, MA  02176 | Wakefield, MA  01880 |
| (781) 662-6161 | (781) 224-0701 |
| B.B.O. No. 561662 | B.B.O. No. 628873 |

Dated:  September 9, 2005