UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br><br>Plaintiffs<br><br>vs.<br><br>Town of Tewksbury<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CONSENT TO SEXUAL CONDUCT

This matter arises from an incident that occurred on January 12, 2001, when S.C. and a classmate were found in the bathroom of the Wynn Middle School engaged in mutual sexual behavior. The Plaintiffs claim that S.C. was the subject of sexual harassment by this classmate culminating with this incident. The crux of all nine counts contained in the Plaintiffs' Complaint is that the Defendants knew about the sexual harassment alleged and were deliberately indifferent in responding. In order to prevail on their claims, the Plaintiffs must prove that Stephen was in fact sexually harassed by his classmate, that the sexual harassment was so severe and pervasive as to deprive him of his right to an education, that the Defendants had actual notice of the sexual harassment alleged and that the Defendants were deliberately indifferent to the known sexual harassment.

The Plaintiffs now move in limine to exclude evidence at trial that S.C. consented to participate in the sexual conduct alleged. As grounds for their

1

motion, the Plaintiffs claim that welcomeness is an improper inquiry in Title IX cases involving sexual discrimination and that at the time of the incidents, S.C. was too young for a finding of genuine welcomeness. Further, the Plaintiffs claim that because of his cognitive limitations, S.C. was not capable of consent. The Defendants hereby oppose the Plaintiffs' motion in limine to exclude all evidence that S.C. consented to participate in the sexual behavior alleged and that the boys did not mutually participate in the sexually inappropriate behavior on the grounds that evidence that the behavior was mutual is essential in order for the Defendants to defend against the Plaintiffs claims at trial.

In order to prevail on their Title IX claim, the Plaintiffs must show that (1) S.C. was a student, (2) who was subject to harassment, (3) based on sex, (4) that the harassment was sufficiently severe and pervasive to create an abusive educational environment; and (5) that a cognizable basis for institutional liability exists. The Plaintiff's Title IX claim is based on his assertion that he was sexually harassed by his classmate. The gravamen of any sexual harassment claim, is that the alleged sexual advances were "unwelcome". Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986); Beaupre v. Cliff Smith & Associates, 50 Mass. App. Ct. 480 (2000). While the Plaintiffs would like to claim otherwise, the case law is not settled that all sexual activity among students who are voluntary participants is sexual harassment. Rather, sexual activity among students who are voluntary participants, absent evidence of unwelcome sexual advances, cannot be characterized as sexual harassment. Winzer v. School District For the City of Pontiac 2004 WL 1543160 (6th Cir. 2004) citing, Meritor v Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986) ("The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome'. 29 C.F.R. §

2

1604.11(a)(1985).") The trier of fact must evaluate all of the facts and circumstances before labeling conduct as "sexual harassment". The unique circumstances of the school environment may be factored into such an assessment. Jane Doe v. Oyster River Cooperative School District, 992 F.Supp. 467 (D. New Hampshire 1997). To not consider whether or not the sexual behavior alleged was mutual, or whether it was one student acting as an aggressor and the other as the victim, would be nonsensical and could result in both boys bringing lawsuits against a school district for sexual harassment for behavior that was mutually agreed to between the students.

Regardless of whether or not consent can be taken into account when determining whether S.C. was sexually harassed by R.C., the issue of S.C.'s desire to engage in the behavior alleged is admissible to show that the behavior alleged was more difficult to police since both students desired to participate in it. If S.C. did not subjectively perceive the environment to be abusive, the conduct has not actually violated Title IX. Brown v. Sexy and Safer Productions, Inc., 68 F.3d 525. Further, evidence that S.C. mutually engaged in the sexual behavior alleged to have occurred between the boys is essential to defend against the Plaintiffs damage claim.

Finally, in addition to proving that S.C. was sexually harassed and that the sexual harassment was so severe and pervasive as to create an abusive educational environment, the Plaintiffs must prove that the Defendants had actual notice of the harassment and that they exhibited deliberate indifference to it. Frazier v. Fairhaven School Committee, et al., 276 F.3d 52 (1st Cir. 2002). The law requires the school to respond to known peer harassment in a manner that is not clearly unreasonable. Evidence that the boys mutually agreed to engage in

the sexual behavior alleged is an important factor in determining whether or not the Defendant's response was not clearly unreasonable as the task of keeping two students apart who mutually want to engage in sexual behavior is much more difficult than if one of the students does not desire to participate.

While the Plaintiffs would like to exclude all evidence at trial that S.C. desired to engage in the sexual behavior alleged, such evidence is crucial to the defense of this matter and the Defendants would be prejudiced if they were not permitted to introduce evidence of the Plaintiff's consent to show that the Plaintiff was not harassed by R.C., that the Plaintiff did not subjectively perceive the environment to be abusive, and that the Defendants' response was not clearly unreasonable given the totality of the circumstances. Finally, Defendants should be allowed to introduce evidence of mutual desire to engage in this behavior in order to defend against the Plaintiff's damage claim.

Wherefore, the Defendants respectfully request that this honorable Court deny the Plaintiff's Motion in Limine to Exclude Evidence of mutual desire to engage in Sexual Conduct.

> Respectfully submitted,
> The Defendants,
> **Town of Tewksbury**
> By their attorney,
>
>
> /s/ Leonard H. Kesten
> Leonard H. Kesten, BBO# 542042
> Deborah I. Ecker, BBO # 554623
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

DATED: September 16, 2005