UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability, <br><br> Plaintiffs <br><br> vs. <br><br> Town of Tewksbury <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING FEDERAL RULES OF EVIDENCE 412 AND 802

This matter arises from an incident that occurred on January 12, 2001, when S.C. and a classmate were found in the bathroom of the Wynn Middle School engaged in mutual sexual behavior. The Plaintiffs claim that S.C. was the subject of sexual harassment by this classmate culminating with this incident. The crux of all nine counts contained in the Plaintiffs' Complaint is that the Defendants knew about the sexual harassment alleged and were deliberately indifferent in responding. The Plaintiffs claim that S.C. was placed in a residential school setting and that he, Ann Marie Porto and Nicholas Porto suffered extreme emotional distress and loss of consortium only because of the sexual behavior alleged between he and his classmate. The Plaintiffs now seek to exclude selective medical and psychiatric records at trial containing information that they no doubt believe would be harmful to their claims on the grounds that those records are subject to the limitations of the Federal Rules of Evidence 412 and 802. The Defendant hereby opposes the Plaintiffs' motion on the grounds that the records'

1

probative value substantially outweighs the danger of harm to S.C. and are essential to defend against the Plaintiffs' claims.

First, the Plaintiffs claim that the identified records should be excluded from evidence because S.C. was a "victim" of sexual harassment. The Plaintiffs claim that it is "undisputed" that S.C. was a victim due to his age and cognitive limitations. While the Defendants do dispute the contention that S.C. was the subject of sexual harassment by his classmate R.C, based on the Plaintiffs' theory, they must be conceding that R.C. is also a victim of sexual harassment by S.C. due to R.C.'s age and cognitive limitations. If the Plaintiffs do not concede that both boys are "victims" of one another, then the records are certainly probative to show that S.C. could desire to participate in sexual conduct with R. C. and did initiate and engage in mutual sexual behavior with R.C. and with children other than R.C.

Regardless of the issue of consent, the records are essential to defend against the Plaintiffs' damage claim as they clearly set forth factors in S.C.'s life that also caused emotional distress and loss of consortium, as well as reasons for his being placed in a residential educational setting other than the reasons proffered by the Plaintiffs.

Second, the Plaintiffs object to the use by the Defendant of any statements contained in those documents on the grounds that S.C. suffers from cognitive limitations and any statements by S.C. contained in those documents might not be credible. According to the Plaintiffs, "the ability to assess his credibility is critical in determining the reliability of SC's statements set forth in the proffered records." If the Plaintiffs agree however, that S.C. is not a reliable reporter of events, then this case should be dismissed, as the only witnesses to the alleged acts are S.C. and R.C. If S.C. is not credible and his statements are not reliable, then nothing that he has reported regarding the alleged sexual harassment by him of R.C. is reliable. However, without R.C's testimony, there is

no case to be brought by the plaintiff. The purpose of the trial is for the jury to assess a witness' credibility and reliability, including the testimony of the only witness to the conduct alleged, S.C. Certainly, the Defendant is entitled to cross-examine S.C. on statements he made to various individuals including his health care and mental health care providers regarding the mutual sexual behavior between he and R.C. and concerning his feelings regarding his placement in a residential educational setting and the cause for the emotional distress alleged even if contributing factors causing his emotional distress are other sexual encounters with children other than R.C.

Wherefore, the Defendant respectfully requests that this honorable Court deny the Plaintiffs' Motion in Limine Regarding Federal Rules of Evidence 412 and 802.

Respectfully submitted,
The Defendants,
**Town of Tewksbury**
By their attorney,

/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO # 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: September 16, 2005