UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br><br>Plaintiffs<br><br>vs.<br><br>Town of Tewksbury<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING PRIVILEGE

This matter arises from an incident that occurred on January 12, 2001, when S.C. and a classmate were found in the bathroom of the Wynn Middle School engaged in mutual sexual behavior. The Plaintiffs claim that S.C. was the subject of sexual harassment by this classmate culminating with this incident. The crux of all nine counts contained in the Plaintiffs' Complaint is that the Defendants knew about the sexual harassment alleged and were deliberately indifferent in responding. The Plaintiffs contend that as a result of the sexual harassment alleged, they suffered severe emotional distress. The Plaintiffs now seek to have excluded from evidence at trial selective mental health records of the Plaintiffs, S.C., Ann Marie Porto and Nicholas Porto. The records that the Plaintiffs seek to have excluded are those contained in the Eagleton School Records, including the Eagleton Clinical ISP Reviews/ Psychiatric Updates, the Report of Daniel M. Pilachowski and the records from the Center for Family Development. As grounds for their Motion, the Plaintiffs claim that the records are subject to the psychotherapist and Licensed Independent Social Worker Privilege

1

pursuant to M.G.L. c. 233, § 20B and/or M.G.L. c. 112, 135B. They claim that the records identified are not germane to whether the acts in Tewksbury Public Schools occurred, and that the Plaintiffs' claims for emotional distress damages do not make the records relevant.

The records at issue were received by the Defendant during discovery. In addition, the Eagleton Clinical ISP Reviews/Psychiatric Updates as well and the Report of Daniel M. Pilachowski were received by the Defendants for review for and development of S.C.'s Individual Education Plan still prepared, reviewed and paid for by the Defendant school district. Those records are contained in the Plaintiff's School record and were in fact produced by the Defendant to the Plaintiff in this case. Regardless, the records are clearly germane and relevant to this case and the privileges asserted do not apply.

First, the records that the Plaintiffs seek to exclude contain statements by S.C. as to what occurred both at Tewksbury and at his home during the period of time that the Plaintiffs allege the sexual harassment occurred. Such statements are relevant to the defense of this case particularly since S.C. is the only witness to the alleged incidents of sexual conduct between he and his classmate and his version of events certainly is germane to whether the acts alleged in Tewksbury Public School System occurred particularly in the manner now being claimed. Further, the Defendants are entitled to use statements contained in the records for purposes of impeachment.

Second, the Plaintiffs claim that their request for emotional distress damages does not make the records relevant. While that may be true in cases that contain "garden variety claims for emotional distress", for instance motor vehicle accident cases in which the Plaintiff files a claim for emotional distress along with his or her claim for physical damages, this is not a garden variety emotional distress claim. The

2

Plaintiffs' sole damage claim is for emotional distress as there is no physical damage that has been suffered by any of the Plaintiffs and the Defendants continue to pay for all of the Plaintiffs' educational services at the residential facility as well as incidental services. The Defendants would clearly be prejudiced if they were not allowed to use the records to show that in fact the Plaintiffs' emotional distress was due to factors in their lives other than the mutual sexual behavior S.C. engaged in with his classmate while at Tewksbury. The records the Plaintiffs seek to exclude rebut the Plaintiffs' assertion that S.C. suffers from emotional distress because of the mutual sexual behavior between he and his classmate. Likewise, Ann Marie and Nicolas Porto's records that the Plaintiffs seek to exclude indicate that their version of events as reported to their social worker differs from what is now being claimed and serves to rebut claims made by them in their loss of consortium claim as well as their claim that they have suffered from emotional distress as a result of the mutual sexual behavior that allegedly occurred between S.C. and R.C, while students at Tewksbury.

The Plaintiffs have not sought to exclude all of their mental health records – only those that they perceive to contain information that could harm their case. Such selective exclusion should not be permitted, particularly given the importance of the records and the statements contained therein to the defense of the Plaintiff's claims. Wherefore, as the Plaintiffs have clearly placed their emotional state at issue here, the records they have waives the psychiatric and/or social worker privilege asserted to protect the records that they seek to exclude.

Wherefore, the Defendants respectfully request that this honorable Court deny the Plaintiffs' Motion in Limine Regarding Privilege.

3

          Respectfully submitted,
          The Defendants,
          **Town of Tewksbury**
          By their attorney,


/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO # 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: September 16, 2005