UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br><br>           Plaintiffs<br><br>vs.<br><br>Town of Tewksbury<br><br>           Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR REASONABLE ACCOMMODATION

The Plaintiffs through their attorneys have requested that the Court allow extensive modifications and limitations on the direct and cross-examination testimony of S.C. due to S.C.'s cognitive limitations. While the Defendant does not oppose accommodating S.C. should the need arise during his testimony at trial, any request for accommodation at this time is premature. The Plaintiffs have provided no supporting documentation from any expert to support their request for such extensive accommodations. Stephen is currently eighteen years of age, four years older than he was at the time of the last incident alleged and presumably is even better able to communicate now than he was in the past. In addition, despite the representation of the Plaintiffs in their request, S.C. did not have difficulty testifying at his deposition and only became frustrated after his attorney interrupted the questioning with a series of objections. Exhibit 1 - Deposition of S.C.

1

Until such time as it becomes apparent at trial that S.C. is unable to testify through direct examination or needs a break from testifying, it is premature to request such accommodations. The Plaintiffs should not be allowed to have their attorneys testify for S.C. by way of leading questions, particularly given the circumstances in this case where the Plaintiffs must prove that the Defendant had actual notice of the alleged sexual harassment of S.C. by his classmate. Given that the evidence is undisputed that S.C. and his classmate were the only witnesses to most of the sexual behavior alleged (other than the suspicions that arose in October 2000, the January 2001 incident as well as the incident between he and his foster sister in March 1999), to have occurred, S.C. would have had to communicate to someone that the sexual contact had occurred at the time for the Defendant to even potentially have been put on notice. Further, evaluations done of S.C. as well as his treatment records all indicate that S.C. has been able to communicate to those professionals what occurred while he was living at the Portos' home and while attending Tewksbury Public Schools. S.C.'s testimony at trial is of utmost importance and some of the accommodations requested by the plaintiff's counsel may well allow extensive coaching of S.C. during his testimony. Accordingly, if the Court does allow "access" to S.C. during his testimony, the adults who will have "access" to him must be instructed that they are not to discuss his testimony with him with regards to substance.

Wherefore, the Defendant respectfully requests that this honorable Court defer any decision regarding the Plaintiff's Request For Accommodations at this time.

Respectfully submitted,
The Defendants,
**Town of Tewksbury**
By their attorney,


/s/ Leonard H. Kesten
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO #554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: September 16, 2005