UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability <br><br> v. <br><br> Town of Tewksbury | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 04-CV10003-PBS <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' RESPONSES TO
DEFENDANT'S PRE-TRIAL DISCLOSURE OBJECTIONS**

  NOW come the Plaintiffs and respond to objections raised by Tewksbury in their Objections to Pre-Trial Disclosure as follows

**1. Witnesses**:

<u>Elizabeth Stasio-Englehart</u>.  Ms. Stasio Englehart competed a Child Abuse and Neglect Investigation pursuant to M.G.L. ch. 119 §51B ("51B report").  51B reports are required to be kept by law and completed by a 51B investigator.  Ms. Stasio Englehart was the social worker assigned to complete the investigation.  Statements made to Stasio-Englehart are admissible under the Fed.R.Evid. 803 (6) and (8) hearsay exception for statements made in course of a required report.  Further, the statements made to Stasio Englehart were made by Party Opponents and are considered Admissions. The report is admissible under Fed.R.Evid. 902 (11).  Further, what a person says can be used against him or her as evidence <u>Langan v. Pianowski,</u> 307 Mass. 149, 152, 29 N.E.2d 700,702 (1940)

<u>Norman Tanquay, MD.</u>  Dr. Tanquay is SC's pediatrician.  Dr. Tanquay will testify about his interactions with SC and his guardian.  Dr. Tanquay will rely on his experience and protocols as a physician and pediatrician for the foundation of his testimony.  Statements made to Dr. Tanquay in the course of his treatment of SC are not hearsay, as they were made for purposes of diagnosis and treatment. Fed.R.Evid. 803 (3) and (4).  The report is admissible under Rule of Fed.Evid. 902 (11).  Moreover, Dr. Tanquay's records were made available during discovery and Defendants chose not to pursue any additional discovery such as deposition.

<u>Alexandria Weida</u>, Ed.D.  Dr. Weida is a psychologist contracted by Tewksbury Public Schools in the winter 2001 to complete an evaluation of SC.  Plaintiffs will establish an appropriate foundation for Dr. Weida  regarding her evaluation of SC.  SC's statements made to Dr. Weida

1

are not hearsay as they were made for the purpose of diagnosis pursuant to Fed.R.Evid. 803 (4). The report is admissible as under Fed.R.Evid. 902 (11 ) Dr. Weida's report was provided to Plaintiff within the Tewksbury Public School records and not procured by counsel under consultation or retainer as an expert. Defendants did not depose Dr. Weida, but were fully aware of her report and role in the case.

Bradford M. Smith, PhD. Dr. Smith was SC's treating therapist from March 1999 through July 1999, and then again from February 2001 through January 2002. Dr. Smith will testify as to the facts of his treatment of SC including the foundation for his protocol for treatment, assessment for services, progress markers, materials and tests utilized to measure progress and goals. SC's statements made to Dr. Smith are not hearsay, as they were made for the purpose of diagnosis and treatment pursuant to Fed.R.Evid. 803 (4). The report is admissible as under Fed.R.Evid. 902 (11).

Joel Herskowitz, M.D. Dr. Herskowitz is a neurologist at New England Medical Center. Dr. Herskowitz evaluated SC for "staring spells" reported by Tewksbury Schools in 1999. He was a treating physician for SC. Dr. Herskowitz completed testing and interviewed SC (and Ann Marie Porto) for the purposes of diagnosis and treatment pursuant to Fed.R.Evid. 803(4). The report is admissible pursuant to Fed.R.Evid. 902 (11). Further, Dr. Herskowitz was not hired or retained in anticipation of litigation.

   2.  **Documents**

Specific Documents Not Identified, an objection raised by the Defendants, is cured by identification of individual documents through the Joint Pre- Trial memo.

Public School Records for R.C. - Defendants have not adequately identified any privilege or other statute which precludes their production of the requested/subpoenaed records of R.C.

Letter from Virginia Gosniack - The letter by Virginia Gosniack is not offered as substantive evidence, but rather for the issue of law regarding presentment currently pending before the court.

SC's Medical Records - Plaintiffs are offering the entire medical records from the Bournewood Hospital, New England Medical Center and Wilmington Pediatrics, subject to pending motions.

Records from DARE Family Services - Counsel will present the following specific records from the DARE Family Services Records: Mentor-Supervisor Service Log, Placement Log, Certificates of Training for Ann Marie Porto, Substitute Parenting Agreements, Letter dated February 9, 2001 regarding loss of compensation and removal of foster children from the home.

Massachusetts Department of Education/Compliance Report - The Department of Education records are an official record of the Department of Education. Compliance reports are required to be kept and maintained for purposes of federal funding. Moreover, David Keeler, a Department of Education employee who participated in the audit, will testify regarding the

document.

<u>Medical Bills from Massachusetts Health</u> - Plaintiff withdraws the medical bills from their Exhibit list.

<u>Department of Education Regulations</u> - Plaintiff will request the court consider the Department of Education regulations under Judicial Notice.

<u>Curriculum Vitae of Alexandria Weida, Ed.D</u> - Dr. Weida is being called as a witness and her educational background and experience are relevant. Dr. Weida will establish the appropriate foundation for the admission of her C.V. Moreover, Dr. Weida was originally contracted by Tewksbury to complete an evaluation of SC.

Respectfully submitted,

Plaintiffs
By their Attorneys,


/s/  Lynn A. Leonard                              /s/  Anita B. Sullivan
_____              _____

Lynn A. Leonard                                    Anita B. Sullivan
Attorney-At-Law                                   Attorney-At-Law
527 Main Street, Suite 8                       458 Main Street
Melrose, MA  02176                            Wakefield, MA  01880
(781) 662-6161                                     (781) 224-0701
B.B.O. No. 561662                              B.B.O. No. 628873

Dated:  September 16, 2005