UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br><br>Plaintiffs<br><br>vs.<br><br>Town of Tewksbury<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S TRIAL BRIEF

The Defendant, the Town of Tewksbury Public Schools, requests the following rulings of law be made by this honorable Court and instructions be given to the jury:

### Requested Rulings

1. <u>Claims Brought Pursuant to M.G.L. c. 258</u>

In their Complaint, the Plaintiffs bring three claims pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258, §4. Those claims include: Count VII (negligence and the negligent infliction of emotional distress), Count VIII (loss of consortium), and Count IX (loss of enjoyment of life). The Defendant requests that the Court rule that these claims should be dismissed because the Plaintiffs failed to fulfill the statutory prerequisite for filing a claim pursuant to M.G.L. c. 258 as the Plaintiffs did not make presentment to the Town as required by M.G.L. c. 258, §4. The Plaintiffs claim that a settlement letter written by the Plaintiffs' attorney when a complaint was pending before the Massachusetts Commission Against Discrimination to the Defendants' attorney is sufficient to fulfill the presentment requirement. That settlement letter sent by one attorney to another when no Chapter 258 claim was pending and which letter

1

makes no mention of Chapter 258 or negligence for that matter is not sufficient to fulfill the statutory requirement. Regardless, the letter was not presented to the appropriate Town authority. In further support of its argument, the Defendant refers the Court to the Memorandum of Law in Support of the Defendants' Motion for Summary Judgment and Supplemental Memorandum previously filed with this Court.

The Defendant requests that this honorable Court rule that the settlement letter is not sufficient to fulfill the statutory prerequisite to filing claims pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258, and accordingly, dismiss Counts VII, VIII and IX of the Plaintiffs' Complaint.

2. <u>Intentional Infliction of Emotional Distress</u>

In Count VIII of their Complaint, the Plaintiffs bring a claim for the intentional infliction of emotional distress. A claim for the intentional infliction of emotional distress must be brought against an individual and cannot be brought against the Town. As the sixteen individual Defendants originally named by the Plaintiffs in their Complaint have been dismissed, the Plaintiffs claim for the intentional infliction of emotional distress should be dismissed.

The Defendant requests that this honorable Court rule that Count VIII of the Plaintiffs' Complaint be dismissed.

3. <u>Sexual Harassment Claims</u>

The Plaintiffs claim that S.C. was the subject of sexual harassment and have brought claims for sexual harassment pursuant to M.G.L. c. 214, §1C and M.G.L. c. 151C contained in Counts II and III of their Complaint. The Defendant requests that this honorable Court dismiss the Plaintiffs' sexual harassment claims brought pursuant to M.G.L. c. 214, §1C and M.G.L. c. 151C as those statutes do not provide a cause of action for a claim of student on student sexual harassment.

The Defendant further requests that this honorable Court rule that the Plaintiffs failed to timely file their sexual harassment claim within the six months that was required after the alleged unfair educational practice was committed. M.G.L. c. 151C, §3d.[1]

4. <u>Title II of the Americans With Disabilities Act</u>

In Count V of their Complaint, the Plaintiffs claim that the Defendant violated the American with Disabilities Act. The Defendant requests that this honorable Court rule that the Plaintiffs failed to fulfill the statutory prerequisite of filing a discrimination claim with the MCAD or the Equal Employment Opportunity Commission claiming handicap alleging handicap discrimination. <u>Bonilla v. Alvarez, Inc.</u>, 194 F.3d 275 (1999).

5. <u>Bradford M. Smith, Ph.D.</u>

The Plaintiffs have listed Bradford M. Smith, Ph.D. as a witness and have previously filed an affidavit executed by Dr. Smith in support of their Opposition to the Defendants' Motion For Summary Judgment. The Plaintiffs have repeatedly stated that S.C. treated with Dr. Smith in 1999 and Dr. Smith's affidavit appears to be based on his treatment of S.C. after the 1999 incident involving his inappropriate sexual behavior with his foster sister and the alleged behavior on the school bus. The Plaintiffs have not produced any records from Dr. Smith referencing any treatment prior to his treatment of S.C. in 2001. The Defendants have requested that the Plaintiffs produce Dr. Smith's records from his treatment of Stephen prior to 2001, but no records have been forthcoming. In addition, the Defendant forwarded a release executed by the Plaintiffs to Dr. Smith for the release of his records related to his treatment of S.C. from 1994 to

---

[1] Since the filing of the Plaintiffs' MCAD Complaint, the period of time for filing an MCAD Complaint has been enlarged. The change in the statute of limitations period, however was not made retroactive.

3

the present. In response the Defendant did not receive any records from Dr. Smith referencing his treatment of S.C. prior to 2001. S.C.'s treatment records prior to the January 2001 are critical to this case to show whether or not S.C. was engaging in sexual behavior with R.C. or others between the period of 1999 and 2001, to determine whether the behavior was mutual, whether the behavior was causing S.C. emotional distress and whether S.C. was engaging in sexual behavior with children other than S.C. As both the Plaintiffs and Dr. Smith have failed to produce any records from Dr. Smith's treatment of Stephen prior to the 2001 incident the Defendant requests that this honorable Court rule that Dr. Smith cannot testify regarding his treatment of S.C. prior to 2001, including any knowledge he had of alleged sexual behavior engaged in by S.C. prior to that year.

### Requested Jury Instructions

### Title IX

1. Title IX provides in relevant part that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

2. To prevail on his Title IX claim, the Plaintiff must show that (1) he was a student who was, (2) subjected to harassment (3) based upon sex; (4) that the harassment was sufficiently severe and pervasive to create an abusive educational environment; and (5) that a cognizable basis for institutional liability exists.

3. The Plaintiff's Title IX claim is based on his assertion that he was sexually harassed by his classmate. The gravamen of any sexual harassment claim, is that the alleged sexual advances were "unwelcome". Meritor Savings Bank,

4

FSB v. Vinson, 477 U.S. 57 (1986); Beaupre v. Cliff Smith & Associates, 50 Mass. App. Ct. 480 (2000).

4. Sexual activity among students who are voluntary participants, absent evidence of unwelcome sexual advances, cannot be characterized as sexual harassment. Winzer v. School District For the City of Pontiac, 2004 WL 1543160 (6th Cir. Mich. 2004) citing, Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986)("The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.' 29 C.F.R. § 1604.11(a)(1985)."). The trier of fact must evaluate all of the facts and circumstances before labeling conduct as "sexual harassment". The unique circumstances of the school environment may be factored into such an assessment. Jane Doe v. Oyster River cooperative School District, 992 F.Supp. 467 (D. New Hampshire 1997).

5. If you find that the Plaintiff was sexually harassed by his classmate, to prevail on his Title IX claim, the Plaintiff must then also show that the acts of sexual harassment were sufficiently severe and pervasive to compromise or interfere with educational opportunities normally available to students.

6. The harassment constitutes discrimination under Title IX when it is "so severe, pervasive and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." Davis v. Monroe County Board of Education, 526 U.S. at 649-651.

7. If you find that the Plaintiff was sexually harassed by his classmate and that the sexual harassment was so severe and pervasive to deprive him of educational opportunities, the Plaintiff must still satisfy the fifth prong of his case and show that a cognizable claim for liability exists as against the

5

Tewksbury Public Schools. To satisfy the fifth prong, that a cognizable basis for institutional liability exists, the Plaintiff must prove that a school official authorized to take corrective action had actual knowledge of the harassment, yet exhibited deliberate indifference to it. Frazier v. Fairhaven School Committee, et al., 276 F.3d 52 (1st Cir. 2002).

8. Recipients of federal funding may be liable under Title IX of the Education Amendments of 1972, for subjecting their students to discrimination only where the recipient is deliberately indifferent to known acts of student on student sexual harassment and the harasser is under the school's disciplinary authority. Davis v. Monroe County Board of Education et al., 526 U.S. 629 (1999).

9. The Plaintiff must prove four factors to state a claim of school district liability under Title IX. He must prove that the district (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. Davis v. Monroe County Board of Education et al., 526 U.S. 629 (1999). This limited rule imposes liability only on those school districts that choose to ignore Title IX's mandate for equal educational opportunities. Murrell v. School District No. 1, Denver Colorado, 186 F.3d 1238 (10th Cir. 1999).

10. The fact that school system may be liable for their deliberate indifference to known acts of peer sexual harassment does not mean that the school is required to eliminate all acts of peer harassment or that administrators must engage in particular disciplinary action. Instead, the plaintiff is required to

prove that there existed deliberate indifference to the harassment. <u>Davis v. Monroe County Board of Education et al.</u>, 526 U.S. 629, 648 (1999).

11. The law requires the school to respond to known peer harassment in a manner that is not clearly unreasonable. However, this does not mean that you are to second-guess the disciplinary decisions made by school administrators. School administrators are entitled the flexibility they require in making disciplinary decisions as long as they are not clearly unreasonable. <u>Davis v. Monroe County Board of Education et al.</u>, 526 U.S. 629, 649 (1999).

12. You must bear in mind that schools are unlike the adult workplace and children may regularly interact in a manner that would be unacceptable to adults. Damages are not available for simple acts of teasing, shoving, pushing and gender-specific conduct that is upsetting to the students. <u>Davis v. Monroe County Board of Education et al.</u>, 526 U.S. 629, 652 (1999).

<u>Civil Rights Claim – 42 U.S.C. § 1983</u>

13. The Town of Tewksbury Public Schools may only be found liable under 42 U.S.C. §1983 where it has executed an "official policy" or "custom" that is causally linked to the injury inflicted. The Town of Tewksbury may not be found liable under 42 U.S.C. § 1983 for an injury inflicted solely by its employees. <u>Monell v. Dept. of the City of New York City</u>, 436 U.S. 658 (1978).

14. The Town of Tewksbury Public Schools may only be found liable under 42 U.S.C. §1983 when by executing an "official policy" or "custom" it causes the injury inflicted. There must be an affirmative link between the harm complained of and the Town's misconduct. <u>Monell v. Dept. of the City of New York City</u>, 436 U.S. 658 (1978); <u>also see</u>, <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808 (1985); <u>Polk County v. Dodson</u>, 454 U.S. 312, 326 (1981) (the

municipal policy must be the moving force behind the constitutional violation); Pembaur v. Cincinnati, 475 U.S. 469, 480 (1986) (municipalities may only be held liable under 42 U.S.C. § 1983 for acts which the municipality has officially sanctioned or ordered).

15. The error in judgment or alleged negligence of a Principal or other school employee does not constitute an official policy or custom. Spann v. Tyle Indep. School Dist., 876 F. 2d 437 (5th Cir. 1989)(cert. denied 493 U.S. 1047 1990)).

16. An official policy involves deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. Jane Doe v. Special District of St. Louis County, 901 F.2d 642 (8th Cir. 1990).

17. Acts of peers directed solely at one student do not demonstrate a custom or policy of the school to be deliberately indifferent to harassment as a general matter. Monell v. Dept. of the City of New York City, 436 U.S. 658, 691 and n. 56 (1978).

18. In addition to showing a policy or custom of the Town of Tewksbury Public Schools, the Plaintiffs must also show deliberate indifference on the part of the Town of Tewksbury Public Schools. Davis v. Monroe County Bd. Of Edu., 526 U.S. 629 (1999); Grant v. Allington Bd. Of Edu., 195 F. 3d 134 (2nd Cir. 1999).

19. Deliberate indifference can only be found when the defendant's response to known discrimination "is clearly unreasonable in light of the known circumstances." Davis v. Monroe County Bd. Of Edu., 526 U.S. 629 (1999); Grant v. Allington Bd. Of Edu., 195 F. 3d 134 (2nd Cir. 1999).

Intentional Infliction of Emotional Distress

20. In order to recover on their claim for the intentional infliction of emotional distress against the Town of Tewksbury Public Schools, the Plaintiffs must establish that the Town of Tewksbury Public Schools "intended to inflict emotional distress" and that their "conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and was 'utterly intolerable in a civilized community...'" Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 91976); see also, Nolan and Sartorio, Tort Law section 19 (2nd ed. 1989 & 1991 Supp.); Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987) quoting Restatement (Second) of Torts, section 46, comment d (1965) (liability found only where conduct is so outrageous in character, and extreme in degree, as to be regarded as atrocious).

21. The conduct of the defendants and emotional distress must have been so severe and of a nature "that no reasonable man could be expected to endure it." Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976).

    Respectfully submitted,
    The Defendants,
    **Town of Tewksbury**
    By their attorneys,

    /s/ Leonard H. Kesten
    Leonard H. Kesten, BBO# 542042
    Deborah I. Ecker, BBO # 554623
    Brody, Hardoon, Perkins & Kesten, LLP
    One Exeter Plaza
    Boston, MA 02116
    (617) 880-7100

DATED: September 19, 2005