UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ann Marie Porto and Nicholas Porto,<br>Individually and on Behalf of SC,<br>a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW
REGARDING TITLE IX, M.G.L. ch. 214 § 1C and 76 §5**

**I. Introduction**

This case arises from the deliberate indifference of the Tewksbury Public Schools to repeated incidents of sexual and disability harassment against a mentally retarded student SC. The Plaintiffs, SC and his legal guardians, Ann Marie and Nicholas Porto claim that schoolteachers and administrators had actual notice of the harassment, but failed to take appropriate remedial or protective measures. Consequently, the harassment continued and escalated such that SC was denied equal opportunities and benefits of education.

**II. Sexual Harassment - Counts I-IV**

**A. State Law Issues Arising under M.G.L. ch. 214 § 1C and 76 § 5**

There are two Massachusetts statutes which apply to discrimination based on sex in public schools, M.G.L. ch. 214 § 1C and 76 § 5. The Massachusetts superior court has taken jurisdiction of sexual harassment claims in education pursuant to M.G.L. ch. 214 § 1C, and damages are available under this statute including actual damages, punitive

1

damages and attorney fees.  Joleen Morrison & another v. Northern Essex Community College, 56 Mass.App.Ct. 784 (2002); M.G.L. ch. 214 § 1C; M.G.L. ch. 151B § 9.  A private right of action under ch. 76 § 5 is implied.  However, ch. 76 remedies are limited to declaratory and injunctive relief.  Attorney General v. Massachusetts Interscholastic Athletic Ass'n, Inc. 378 Mass. 342 (1979); Leonard v. School Committee of Attleboro, 349 Mass. 704 (1965).

M.G.L. ch. 214 §1C states that "A person shall have the right to be free from sexual harassment, as defined in Chapter 151B and 151C.  The superior court shall have the jurisdiction in equity to enforce this right and to award damages."  M.G.L. ch. 151C, §2 (g) states that it is an unfair educational practice "[t]o sexually harass students in any program or course of study in any educational institution," as defined by M.G.L. ch. 151C.  Section 1(e) of Chapter 151C defines sexual harassment, in relevant part, as follows:

> "Any sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature when . . . such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's education by creating an intimidating, hostile, humiliating or sexually offensive educational environment."

In Green v. Wyman-Gordon Company, 422 Mass. 551, 557 (1996), the court held that "Chapter 214, Section 1C ensures that all employees are protected against sexual harassment . . . whether or not their employers fit within the definition in ch. 151B . . . "[T]he statute provides exclusive jurisdiction in the superior court for any sexual harassment claim that is brought in the courts because . . . the employer is not covered by Chapter 151B."  Plaintiffs argue by analogy that their claim for sexual harassment in education is likewise actionable

2

under M.G.L. ch. 214 § 1C, given that the Massachusetts Commission Against Discrimination ("MCAD") declined jurisdiction under Chapter 151C.

The MCAD dismissed Plaintiff's claim for lack of jurisdiction stating that the Town of Tewksbury is not an educational institution as defined by M.G.L. ch. 151C § 1 (b).[1]  The MCAD has also held that the agency lacks jurisdiction to hear a student's claim of discrimination because that statute "prohibits discrimination in *admissions* to educational institutions, not discrimination in treatment of students." Oliver v. Holyoke Community College, 23 MDLR 291 (2001) (emphasis added).

In Oliver v. Holyoke Community College, the MCAD noted that "while General Laws ch. 151C and 272 do not offer redress before this Commission, M.G.L. ch. 76 and the Massachusetts Department of Education regulations at 603 CMR 26 (Access to Equal Educational Opportunities) prohibit discriminatory treatment both in admission to school and in obtaining the advantages, privileges and courses of study of such public school on account of . . . sex." Oliver, 23 MDLR at 23, FN 2.  However, Chapter 76 does not allow damages for sexual harassment in education.  Therefore, Massachusetts courts have taken jurisdiction under M.G.L. ch. 214 § 1C for sexual harassment in education, recognizing that Chapter 151C, § 3 (a) expressly limits the filing of a complaint to "[a]ny person seeking admission as a student to any educational institution, or enrolled as a student in a vocation training institution" (emphasis supplied).  Joleen Morrison & another vs. Northern Essex Community College, 56 Mass.App.Ct. 784, 787, FN. 6 (2002).

---

[1] Defendants argue that Plaintiff's claim under M.G.L. ch. 214 § 1C must be dismissed because it was not timely filed with the MCAD.  Given that Plaintiff's MCAD complaint was dismissed solely on jurisdictional grounds, the statute of limitations is irrelevant.  Pursuant to M.G.L. ch. 214 § 1C, the statute of limitations for filing a sexual harassment claim in superior court is set forth in M.G.L. ch. 151B § 9.  Section 9 states that a complaint may be filed "not later than three years after the alleged unlawful practice occurred.  Plaintiff's claim was timely filed on January 7, 2004.

3

Defendants argue that peer-on-peer sexual harassment is not recognized under state law.  In 1996, the MCAD rejected a claim of peer sexual harassment, again, for the lack of jurisdiction.  Buschini v. Town of Newburyport Public Schools, 18 MDLR 216 (1996).  Notably, the Commission's decision cited federal law regarding peer harassment that has since been overruled by the Supreme Court's decision in Davis v. Monroe County Board of Education, 526 U.S. 629 (1999).  The Davis Court established a cause of action for peer sexual harassment under Title IX.

Tewksbury is liable for SC's claim for damages for student-on-student sexual harassment under state law if plaintiff proves, by a preponderance of the evidence, that Tewksbury (1) either knew or should have known of (2) harassment that was so severe, pervasive, and objectively offensive that it (4) deprived him of access to the educational benefits or opportunities provided by the school.  College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 165-167 (1987); White v. N.H. Dep't of Corrections, 221 F.3d 254, 261 (1st Cir. 2000).

SC is entitled to actual and punitive damages for violation of G.L. ch. 214 § 1C.  Section 1C states that "The superior court shall have the jurisdiction to . . . award the damages . . . provided in the third paragraph of Section 9 of Chapter 151B."  Chapter 151B § 9 states that "the court may award the petitioner actual and punitive damages . . . reasonable attorney's fees and costs . . ."  M.G.L. ch. 151B § 9.  Moreover, the express provisions of M.G.L. ch. 151B § 9 waive sovereign immunity with respect to claims for actual and punitive damages arising from sex discrimination.  Bain v. City of Springfield, 424 Mass. 758, 762-764 (1997).

Punitive damages are appropriate "where a defendant's conduct warrants

4

condemnation and deterrence. Bain, 424 Mass. at 767. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's . . . reckless indifference to the rights of others." Dartt v. Browning-Ferris Industries, Inc. 427 Mass. 1, 17 (1998), quoting The Restatement (Second) of Torts § 908 (2) (1979).

### B. Federal Law Issues Arising Under Title IX of the Educational Amendments of 1972

Title IX of the Education Amendments of 1972 provides in pertinent part:

"[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.SC §1681(a)

To establish liability under Title IX, the Plaintiff will demonstrate that:

(a) Tewskbury had actual knowledge of the harassment;

(b) Tewksbury was deliberately indifferent to the harassment; and the harassment was "so severe, pervasive and objectively offensive" that

(c) it deprived the SC of equal access to "an educational program or activity" or "the educational benefits or opportunities provided by the school." Davis, 526 U.S. at 625.

#### i. The School had Actual Knowledge

In Davis, the Supreme Court suggested that both the parent and the student had satisfied the actual notice standard where they had made repeated harassment complaints to the teacher and principal. See also Murrell v. Sch. Dist No. 1, Denver, Colo., 186 F.3d 1238 (10th Cir. 1999). In Murrell, the court stated that "[I]t is possible that these teachers would also meet the definition of appropriate persons for the purposes of Title IX liability if they exercised control over the harasser and the context in which the harassment occurred." Id. at 1248.

5

### ii.     SC Was Subject To Severe, Pervasive and Objectively Offensive  Sexual Harassment to Which Tewksbury was Indifferent

Sexual harassment includes sexual advances, requests for sexual favors and/or other verbal or physical conduct of a sexual nature.  Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 63 (1992).  Hostile environment harassment covers acts of sexual harassment sufficiently severe, pervasive and objectively offensive to compromise or interfere with educational opportunities normally available to students.  Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 65 (1st Cir. 2002); Davis, 526 U.S. at 651.  Courts look to the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is threatening or humiliating, or merely an offensive utterance; and whether it unreasonably interferes with performance.  Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).[2]  A single, specific act of sexual assault or sexual harassment can constitute severe and objectively offensive student-on-student harassment for which an institution can be liable under Title IX.  Davis, 526 U.S. at 650-53; Hayut v. State Univ. of New York, 352 F.3d 733 (2nd Cir. 2003); Vance v. Spencer Co. Sch. Dist., 231 F.3d 253, 259 (6th Cir. 2000).

The Supreme Court describes deliberate indifference as a "clearly unreasonable response in light of the known circumstances."  Davis, 526 U.S. at 648.  "[D]eliberate indifference must, at a minimum, cause [students] to undergo harassment or make them . . . vulnerable to it.  McGowen, 231 F.3d 253 (6th Cir. 2000), quoting Davis, 526 U.S. at 645.  Moreover, "[w]here a School district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such

---

[2] See also, Dept. of Ed., Office for Civil Rights, Sexual Harassment Guidance:  Harassment of Students by School Employees, Other Students or Third Parties 62 Fed. Reg. 12034 (1997).

district has failed to act reasonably in light of the known circumstances." Id. at 261.

### iii. SC Was Denied Equal Educational Opportunities and Benefits

A Plaintiff must establish that sexual harassment so undermines and detracts from the victim's educational experience, that the student is effectively denied equal access to an institution's resources and opportunities. Davis, 526 U.S. at 652. The behavior must be serious enough to have a systemic effect of denying the victim equal access to an educational program or activity. Davis at 652.

The inability to fully access an education is inherent in a school environment permeated by severe and pervasive sexual harassment. "A non-discriminatory environment is essential to maximum intellectual growth and is therefore an integral part of the educational benefits that student receives. A sexually abusive environment inhibits, if not prevents, the harassed student from developing [his] full intellectual potential and receiving the most from the academic program." Davis, 74 F.3d at 1193 (11th Cir. 1996). "Children are far less able to articulate the fact and extent of their injuries and may manifest an array of different reactions to the harassment." Gabrielle M. v. Park Forest-Chicago Heights, et al., 315 F.3d 817 (7th Cir. 2003). This is particularly true for SC, given his cognitive and language delays.

Plaintiffs are also entitled to actual and punitive damages under Title IX. Although the Supreme Court held in Barnes v. Gorman, 536 U.S. 181 (2002), that remedies were limited under Spending Clause statutes to compensatory damages, this limitation applies only to "unintentional" violations of Title IX. Pennhurst State School and Hospital v. Halderman, 451 U.S. 1, 28-29 (1981). The Barnes Court reasoned that "a remedy is appropriate relief only if the recipient is on notice that, by accepting federal

7

funding, it exposes itself to such liability." Barnes, *supra*. However, the Supreme Court has refused to extend this logic to intentional violations, claiming that the same notice problems for recipients of federal money do not exist where intentional discrimination is alleged. Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 75 (1992). See also Canty v. City of Rochester Regional School District, 54 F.2d 66, 69-70 (D. Mass. 1999).

In Canty, *supra*, the defendant school maintained, as Tewksbury maintains, that it was not subject to punitive damages as a municipal entity. However, the Court rejected this argument reasoning that conduct that rises to the level of "ongoing egregious violations" warrant punitive damages against a municipality. Canty, *supra*, citing Doe v. Oyster River Coop. Sch. Dist. 992 F.Supp. 467, 483 n. 17 (D.N.H. 1997). The Court noted that the "sweeping language of *Franklin* to allow 'all available remedies' and the demonstrated reluctance of courts in [the First] Circuit to offer municipal immunity in similar circumstances prompts this Court to reject municipal immunity from punitive damages under Title IX. Canty, 54 F.2d at 70.[3]

Based upon the legal standards set forth herein, Plaintiff SC requests all available damages, including punitive damages, under Title IX and M.G.L. ch. 214 §1C.

---

[3] The Circuit Courts are split as to the availability of punitive damages under Title IX. However, the Massachusetts Supreme Judicial Court has held that punitive damages are available against a municipality. Plaintiff, therefore, requests that his state law claim remain.

Respectfully submitted,
PLAINTIFFS
By their Attorneys,


/s/ Lynn A. Leonard                                    /s/ Anita B. Sullivan
_____        _____
Lynn A. Leonard                                        Anita B. Sullivan
Attorney-At-Law                                        Attorney-At-Law
527 Main Street, Suite 8                          458 Main Street
Melrose, MA  02176                                Wakefield, MA  01880
(781) 662-6161                                          (781) 224-0701
B.B.O. No. 561662                                   B.B.O. No. 628873

Dated: September 28, 2005

9