UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

Ann Marie Porto and Nicholas Porto, )
Individually and on Behalf of S.C., a )
Minor Person with a Disability, )
)
        Plaintiffs )
)
vs. )
)
Town of Tewksbury )
)
        Defendants )

## DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

The Defendant submits the following supplemental proposed jury instructions.

### Title IX

1. Title IX provides in relevant part that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

2. To prevail on his Title IX claim, the Plaintiff must show that (1) he was a student who was, (2) subjected to harassment (3) based upon sex; (4) that the harassment was sufficiently severe and pervasive to create an abusive educational environment; and (5) that a cognizable basis for institutional liability exists.

3. The Plaintiff's Title IX claim is based on his assertion that he was sexually harassed by his classmate. The gravamen of any sexual harassment claim, is that the alleged sexual advances were "unwelcome". Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986); Beaupre v. Cliff Smith & Associates, 50 Mass. App. Ct. 480 (2000).

1

4. Sexual activity among students who are voluntary participants, absent evidence of unwelcome sexual advances, cannot be characterized as sexual harassment. <u>Winzer v. School District For the City of Pontiac</u>, 2004 WL 1543160 (6th Cir. Mich. 2004) citing, <u>Meritor Savings Bank, FSB v. Vinson</u>, 477 U.S. 57, 68 (1986)("The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.' <u>29 C.F.R. § 1604.11(a)(1985).</u>"). The Trier of fact must evaluate all of the facts and circumstances before labeling conduct as "sexual harassment". The unique circumstances of the school environment may be factored into such an assessment. <u>Jane Doe v. Oyster River cooperative School District</u>, 992 F.Supp. 467 (D. New Hampshire 1997).

5. If you find that the sexual behavior alleged was mutual between S.C. and R.C., the behavior does not constitute harassment and you must enter a verdict for the Defendant.

6. If you find that the sexual behavior alleged was welcome by S.C. then the behavior does not constitute harassment and you must enter a verdict for the Defendant.

7. If you find that S.C. was the instigator of the sexual behavior with R.C. then you cannot find that S.C. was harassed and you must enter a verdict for the Defendant.

8. If you find that the Plaintiff was sexually harassed by his classmate, to prevail on his Title IX claim, the Plaintiff must then also show that the acts of sexual harassment were sufficiently severe and pervasive to compromise or interfere with educational opportunities normally available to students.

2

9. The harassment constitutes discrimination under Title IX when it is "so severe, pervasive and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." Davis v. Monroe County Board of Education, 526 U.S. at 649-651.

10. If you find that the Plaintiff was sexually harassed by his classmate and that the sexual harassment was so severe and pervasive to deprive him of educational opportunities, the Plaintiff must still satisfy the fifth prong of his case and show that a cognizable claim for liability exists as against the Tewksbury Public Schools. To satisfy the fifth prong, that a cognizable basis for institutional liability exists, the Plaintiff must prove that a school official authorized to take corrective action had actual knowledge of the harassment, yet exhibited deliberate indifference to it. Frazier v. Fairhaven School Committee, et al., 276 F.3d 52 (1st Cir. 2002).

11. Recipients of federal funding may be liable under Title IX of the Education Amendments of 1972, for subjecting their students to discrimination only where the recipient is deliberately indifferent to known acts of student on student sexual harassment and the harasser is under the school's disciplinary authority. Davis v. Monroe County Board of Education et al., 526 U.S. 629 (1999).

12. The Plaintiff must prove four factors to state a claim of school district liability under Title IX. He must prove that the district (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. Davis v. Monroe County Board of Education et al., 526 U.S. 629 (1999). This limited

rule imposes liability only on those school districts that choose to ignore Title IX's mandate for equal educational opportunities. Murrell v. School District No. 1, Denver Colorado, 186 F.3d 1238 (10th Cir. 1999).

13. The fact that school system may be liable for their deliberate indifference to known acts of peer sexual harassment does not mean that the school is required to eliminate all acts of peer harassment or that administrators must engage in particular disciplinary action. Instead, the plaintiff is required to prove that there existed deliberate indifference to the harassment. Davis v. Monroe County Board of Education et al., 526 U.S. 629, 648 (1999).

14. The law requires the school to respond to known peer harassment in a manner that is not clearly unreasonable. However, this does not mean that you are to second-guess the decisions made by school administrators. School administrators are entitled the flexibility they require in making decisions as long as they are not clearly unreasonable. Davis v. Monroe County Board of Education et al., 526 U.S. 629, 649 (1999).

15. You must bear in mind that schools are unlike the adult workplace and children may regularly interact in a manner that would be unacceptable to adults. Damages are not available for simple acts of teasing, shoving, pushing and gender-specific conduct that is upsetting to the students. Davis v. Monroe County Board of Education et al., 526 U.S. 629, 652 (1999).

16. This case is not a negligence case. That is if you find that the Defendant was negligent but not deliberately indifferent, you must enter a verdict for the Defendant. For example, if you find that the school officials should have known, but did not actually know, of the sexual contact between S.C. and

R.C., the plaintiff has not met his burden of proving deliberate indifference and you must find for the defendant.

17. This case is only about whether or not the Defendant School District was deliberately indifferent to known acts of sexual behavior during the time period from October 2000 to the date of the "bathroom incident" on January 11, 2001. All other evidence of alleged incidents in the previous years were introduced only by way of background and cannot be used to show deliberate indifference on the part of the Defendant School District. You may find the Defendant School District liable only for incidents of which they had actual knowledge of at the time.

### Title II – Americans With Disabilities Act

18. Title II of the Americans with Disabilities Act ("ADA") prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs or activities of a public entity.

19. To establish a violation of Title II of the ADA, the Plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. Roe v. Nevada, 332 F.Supp.2d 1331 (D. Nevada Aug. 10, 2004).

20. If you do not find that Stephen was denied the benefit or services of an education because of his handicap, you must enter a verdict for the Defendant.

21. Likewise, if you do not find that Stephen was denied the benefit or services of an education solely because of his disability, you must enter a verdict for the

       Defendant. Id.; Jane Doe v. Lennox School District No. 41-4, 329 F.Supp.2d 1063 (D.South Dakota Dec. 18 2003).

22. Even if you find that S.C. was discriminated against solely because of his disability, in order to prevail, the Plaintiff must prove that school officials acted in bad faith and with gross misjudgment. Jane Doe v. Lennox School District No. 41-4, 329 F. Supp. 2d at 1069.

>Respectfully submitted,
>The Defendant,
>**Town of Tewksbury**
>By their attorney,
>
>/s/ Leonard H. Kesten
>Leonard H. Kesten, BBO# 542042
>Deborah I. Ecker, BBO # 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>(617) 880-7100

DATED: October 17, 2005