UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SUPPLEMENTAL JURY INSTRUCTIONS**

NOW comes Plaintiff SC, by and through is legal guardians Ann Marie and Nicholas Porto, and submits the following supplemental jury instructions:

**GENERAL INSTRUCTIONS**

1. Information contained in an attorney's questions is not evidence. You are only to consider evidence from witnesses or documents admitted into evidence when determining liability and damages.

2. No statement in this case by any attorney should be construed by you to mean that a reasonable offer of settlement was ever made or rejected in this matter.

**TITLE IX**

3. Consent or welcomeness is an improper consideration to be made in sexual harassment cases involving sexual discrimination of minor school children and children with cognitive disabilities for any purpose including liability, causation or damages.

4. Consent includes initiation of or mutual participation in sexual conduct. Thus, even if you find that SC initiated or participated in sexual conduct, you must find that he was nevertheless subject to sexual harassment and is entitled to damages.[1]

5. "Children are far less able to articulate the fact and extent of their injuries and may manifest an array of different reactions to the harassment." This is particularly true for children with cognitive disabilities and speech and language disabilities.[2]

## **TITLE II**

6. Tewksbury is liable for SC's claim for damages for disability harassment under Title II of the Americans with Disabilities Act if plaintiff proves, by a preponderance of the evidence, that (1) he is a member of a protected class; (2) that he has been subject to unwelcome harassment; (3) that harassment is based on his disability; and that the harassment is sufficiently severe or pervasive that it alters the conditions of his education and creates an abusive educational environment. Guckenberger v. Boston University, 957 F.Supp 306 (D.Mass 1997).

As applied to disability harassment in public schools, schools face liability under Title II of the ADA for activity by student-peers, if the conduct is sufficiently severe and the district meets an intent standard. The test for intent, and thus for damages liability, is the requirement of bad faith or gross misjudgment.[3]

7. Disability harassment includes the failure to protect a disabled student against known risks of physical or psychological harm by other students. [4]

---

[1] Mary M., et al v. North Lawrence Community School Corp., 131 F.3d 1220 (7th Cir. 1997)
[2] Gabrielle M. v. Park Forest-Chicago Heights, et al., 315 F.3d 817 (7th Cir. 2003).
[3] William and Mary Law Review, Vol. 43, No. 3, 1079, 1105 (February 2002) citing McKellar v. Commonwealth of Pennsylvania Department of Education, 1999 WL 124381 (E.D. Pa. Feb 23, 1999).
[4] Disability Harassment in Public Schools, William and Mary Law Review, Vol. 43, No. 3 (February 2002).

8. In determining whether the defendant's conduct violated Title II, you should consider the totality of the circumstances including the frequency of the identified conduct as well as its severity and offensiveness.[5] The more severe and offensive the conduct, the less frequent it has to be to create a hostile work environment. "A single, unusually severe incident of harassment may be sufficient to constitute a violation. This is particularly true when the harassment is physical.[6] Likewise, less severe and offensive conduct can constitute a hostile environment if it is repetitious. When examining whether the conduct was hostile, intimidating, or humiliating, it must be viewed in the light of a reasonable person in the plaintiff's position.[7] In this case, that is, a child with cognitive limitations.

9. Consent or welcomeness is an improper consideration to be made in harassment cases involving disability discrimination of minor school children and children with cognitive disabilities for any purpose including liability, causation or damages.[8]

10. "Children are far less able to articulate the fact and extent of their injuries and may manifest an array of different reactions to the harassment."[9] This is particularly true for children with cognitive disabilities and speech and language disabilities.[10]

---

[5] Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). See also, Dept. of Ed., Office for Civil Rights, Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students or Third Parties 62 Fed. Reg. 12034 (1997).
[6] Barrett v. Omaha National Bank, 584, F. Supp. 22, 35 Feb Cases 585 (D. Neb. 1983), aff'd, 726 F.2d 424, 33 EPD ¶ 34, 132 (8th Cir. 1984) (One incident constituted actionable sexual harassment.); Equal Employment Opportunity Commission Policy Guidance on Current Issues of Sexual Harassment (1990).
[7] College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 165-167 (1987); White v. N.H. Dep't of Corrections, 221 F.3d 254, 261 (1st Cir. 2000); Ramsdell v. Western Mass. Bus Lines, Inc., 415 Mass. 673. 677-79 (1993); Gnerre v. MCAD, 402 Mass. 502, 507-508 (1988); Ruffino v. State St. Bank & Trust Co., 908 F.Supp. 1019, 1036 n.28, 1038-39 nn. 34-35 (D.Mass. 1995); See also King v. Board of Regents of the Univ. of Wis. Sys., 898 F.2d 533, 537 (7th Cit. 1990) (single act can be sufficient for finding of sexual harassment).
[8] Mary M., et al v. North Lawrence Community School Corp., 131 F.3d 1220 (7th Cir. 1997)
[9] Gabrielle M. v. Park Forest-Chicago Heights, et al., 315 F.3d 817 (7th Cir. 2003).
[10] Gabrielle M. v. Park Forest-Chicago Heights, et al., 315 F.3d 817 (7th Cir. 2003).

3

11. Disability harassment deprives a plaintiff of access to educational opportunities when it has a "concrete, negative effect" on the plaintiff's education. For example, harassment that leads to dropping grades, withdrawal from classes or from school is harassment that has a negative effect on education.[11]

12. The inability to fully access an education is inherent in a school environment permeated by severe and pervasive disability harassment. "A non-discriminatory environment is essential to maximum intellectual growth and is therefore an integral part of the educational benefits that student receives. An abusive environment inhibits, if not prevents, the harassed student from developing [his] full intellectual potential and receiving the most from the academic program."[12]

13. If you find that plaintiff has established his claim for disability harassment in violation of the ADA, then you must determine an amount that is fair compensation for the plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves were caused by defendant's allegedly wrongful conduct.

14. The damages that you award must be fair compensation -- no more and no less. You may award damages for the loss of access to education that the plaintiff suffered as a result of any disability harassment that you find that he suffered.

15. You may also award damages for any pain, suffering or mental anguish that SC experienced as a consequence of the defendant's conduct. No evidence of the monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these

---

[11] See Davis, 526 U.S. at 645, 650-52, 654; Murrell, 186 F.3d at 1248-49; Vance, 231 F.3d at 259; Gabriel M. v. Park Forest-Chicago Heights, Illinois Sch. Dist. 163, 315 F.3d 817, 823, (7th Cir. 2003).
[12] Davis, 74 F.3d at 1193 (11th Cir. 1996).

4

elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

Respectfully requested,
PLAINTIFFS
By their Attorneys,

/s/ Lynn A. Leonard                                              /s/ Anita B. Sullivan
_____          _____
Lynn A. Leonard                                                  Anita B. Sullivan
Attorney-At-Law                                                  Attorney-At-Law
527 Main Street, Suite 8                                         458 Main Street
Melrose, MA  02176                                               Wakefield, MA  01880
(781) 662-6161                                                   (781) 224-0701
B.B.O. No. 561662                                                B.B.O. No. 628873

Dated:  October 17, 2005