UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability, | ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) ) |
| Town of Tewksbury | ) ) |
| Defendants | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM OF LAW REGARDING TITLE II OF THE AMERICAN WITH DISABILITIES ACT

As part of his Complaint, the Plaintiff has filed a claim under Title II of the American With Disabilities Act ("ADA"). The Plaintiff's theory of the case under Title II is that S.C. was denied access to policies and practices to ensure protection against sexual harassment that were afforded to non-disabled students. As a result of not being afforded access to these policies, the Plaintiff claims that S.C. was sexually harassed by his classmate R.C.

There is no evidence that S.C. was denied access to the educational benefits as afforded the typical students in the middle school. Indeed there is no cognizable claim that the two students involved, S.C. and R.C. were treated any differently than non disabled students. All questionable behavior between them was addressed by the school officials.

It is clear from the evidence introduced at trial that each time the Defendant School District was notified of alleged inappropriate behavior between S.C. and his classmate, the Defendant acted, and each time the known behavior stopped. The evidence is not disputed that once the certified aides raised concerns that the students

1

were touching one another's legs, the School Acted by having the school adjustment counselor Mr. Traveis who the boys met with on a regular basis speak with the boys. After Mr. Traveis had a conversation with the boys about the behavior it is undisputed that no one observed the boys engage in any more inappropriate behavior in the classroom or in the gymnasium. Further, it is undisputed that the School Officials were not notified by anyone including the Plaintiff of any inappropriate behavior between S.C. and his classmate between October 2000 and January 11, 2001. Certainly, the School Officials never had notice and suspicions were never even raised that the boys were being sexually inappropriate in the bathroom at school. Indeed, Mrs. Porto herself reported that S.C. told her that the touching in the bathroom began in late December. If one were to believe the only two witnesses, S.C. and R.C., the behavior occurred in the span of two weeks and was discovered on the fourth occasion due to the fact that Mrs. Edelstein noted that Stephen had not returned to class.

The Defendant has been able to locate one case involving a first grade girl in which she claimed that she was discriminated against because of her disability in violation of Title II because she was the subject of sexual harassment by a first grade boy. Doe v. Lennox School District No. 41-4, 329 F.Supp.2d 1063 (D. South Dakota 2003). In that case, the girl was kissed on the lips by a first grade male student. As a result of the incident, the teacher advised both parents and the boy lost his recess and received a verbal reprimand. The teacher also advised the girl's mother that the two students would not be allowed to go to the bathroom at the same time. Subsequently, while in their classroom to put on their shoes unsupervised, the boy student exposed his bottom and his penis to the girl student and the boy touched the girl outside of her clothing on her butt. The girl later told her mother that the boy had promised her candy if she would pull her pants down and that she pulled down her pants and the boy touched her

near her rectum with his finger. After the boy admitted exposing himself to the girl, he was suspended from school for ten days and was not allowed to return to school until his parents submitted a written statement from a psychologist asserting that he was not a danger to other children. The school contacted law enforcement officials and the Department of Social Services. The boy was placed in another classroom and safety measures were put into place. The girl was offered counseling. Id., at pp. 1065-1066.

As here, the Plaintiff in Doe brought claims against the school both under Title IX and Title II. In that case, the evidence was clear that the harassment was instigated by the boy and that it was unwelcome by the girl. Further, the plaintiff claimed that her disability prevented her from avoiding the sexual encounter with the boy and further that the school did not adequately consider her disability and the role it played in the harassment when they investigated and took steps to remedy. Finally she claimed that the school was insensitive to her disability by assigning her responsibility for the incidents that were the basis of her claim of harassment.

In our case, the evidence is that the plaintiff instigated the harassment or, at the very least, that it was fully mutual. Additionally, there cannot be a claim that the plaintiff's disability prevented him from avoiding the sexual encounters because of the facts of this case. It is undisputed that in order for these encounters to occur, the plaintiff had to actively deceive his caregivers. Indeed, on January 11, 2001, the plaintiff made a plan with Richard to meet in the bathroom and then lied to his teacher about going to his locker. This is hardly the action of a "disabled" person but rather a sophisticated approach to avoid supervision. Thus, there can not be a viable claim that the plaintiff's disability resulted in the sexual contact.

Here, there has been no evidence to suggest that S.C. was in fact being harassed by his classmate. Rather, the evidence introduced at trial has shown that it was S.C. who

was the aggressor or at minimum the behavior was mutual. Regardless, what the evidence clearly has shown is that each time inappropriate behavior was brought to the attention of the school, the school promptly responded and that the behavior stopped.

After the aides in the classroom observed that the boys were touching each other on the thighs and sitting on each other's hands in October 2000, the school responded, Mr. Traveis spoke to the boys and the behavior in the classroom and in the gym stopped. There is no evidence that the school or anyone had any knowledge, actual or constructive, that the boys were behaving inappropriately in the bathroom let alone having anal sex in the bathroom prior to the January 11, 2001 incident. Surely as they had in the past, had the school known, they would have responded promptly and taken reasonable steps to stop the behavior.

Even if the Plaintiff can somehow show that he was discriminated against on the basis of his disability within the meaning of Title II because he was able to engage in mutual inappropriate sexual behavior in the school bathroom on January 11, 2001, he will not be able to prevail on his Title II claim as he will not be able to show that the school officials acted in bad faith or with gross misjudgment when they responded to each incident of known behavior promptly and the behavior complained of stopped after each incident.

                                        Respectfully submitted,
                                        The Defendant,
                                        **Town of Tewksbury**
                                        By their attorney,

                                        /s/ Leonard H. Kesten
                                        Leonard H. Kesten, BBO# 542042
                                        Deborah I. Ecker, BBO # 554623
                                        BRODY, HARDOON, PERKINS & KESTEN, LLP
                                        One Exeter Plaza
                                        Boston, MA 02116
                                        (617) 880-7100

DATED: October 17, 2005