UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

Ann Marie Porto and Nicholas Porto, Individually )
and on Behalf of S.C., a Minor Person with a )
Disability, )
        Plaintiff )
)
)
vs. )
)
)
Town of Tewksbury, )
        Defendants

## DEFENDANTS MOTION FOR DIRECTED VERDICT

The defendant, Town of Tewksbury, hereby asks that this court direct a verdict for the defendant and against the plaintiff in this matter. In support thereof, the defendant states as follows.

The plaintiffs have brought this action based on two theories of liability, titles IX and II. Under any theory of liability, the plaintiff must prove that SC was subjected to severe and pervasive sexual harassment which was known to the defendant and that the defendant was deliberately indifferent to such harassment. The plaintiff has clearly failed to meet his burden.

This court has already decided that any alleged sexual harassment prior to October of 2000 cannot form a basis of liability. In October of 2 000 aides in the classroom observed that SC and RC were touching each others legs. Also, it was reported that they had placed each others hands under each others rear ends in school. It is uncontroverted that the behaviors described were mutual and initiated by both children. Each time that this behavior occurred, the aides told the children to stop it. After the behaviors were brought to the school adjustment counselor, Mr. Ware, in

addition to the aides efforts to stop the behaviors he arranged for SC and RC to meet with the school psychologist, Mr. Traveis. The psychologist spoke to the children who expressed remorse and promised to stop this behavior, It is uncontroverted that the behavior then ceased.

Unbeknownst to the school officials, on approximately three occasions beginning in late December of 2,000, SC and RC had mutual sexual activity in various bathrooms in the school. In January of 2001, SC suggested to RC that they meet in the bathroom for sex. RC asked for a bathroom pass and went to the bathroom. SC then deliberately deceived the teacher and asked to get a book out of his locker. Instead, he went to the bathroom and persuaded RC to participate in a sex act. Because the teacher was vigilant, within minutes she noticed that SC was missing and the activity was discovered.

It is clearly established in this case that SC was likely the instigator of sexual activity with RC or, at best for his case, the activities were mutually desired. Accordingly, there was no sexual harassment of SC. Additionally, it is without dispute that the school personnel had absolutely no knowledge of any sexual activity in the bathrooms before January 11. Finally, it is uncontroverted that all known sexual activity was stopped as soon as it was known to the school personnel.

Finally, the plaintiff has not proven that SC lost any educational benefit because of the alleged sexual activity. He had perfect attendance in the sixth and seventh grade and did well in school. He was only removed from the educational setting because his sexual activity with his siblings at home came to light.

Accordingly, no reasonable finder of fact can find that the school administrators of Tewksbury were deliberately indifferent to known sexual harassment of SC and the court should direct a verdict for the defendant and against the plaintiff.

<div style="margin-left: 40%;">
Respectfully submitted,<br>
The Defendant,<br>
By their attorneys,<br>
<br>
/s/ Leonard H. Kesten<br>
Leonard H. Kesten, BBO# 542042<br>
Deborah I. Ecker, BBO # 554623<br>
Brody, Hardoon, Perkins & Kesten, LLP<br>
One Exeter Plaza<br>
Boston, MA 02116<br>
(617) 880-7100
</div>

DATED: October 18, 2005