UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

Ann Marie Porto and Nicholas Porto,           )
Individually and on Behalf of S.C., a         )
Minor Person with a Disability,               )
                                              )
            Plaintiffs                        )
                                              )
vs.                                           )
                                              )
Town of Tewksbury                             )
                                              )
            Defendants                        )

### DEFENDANTS' SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

You have heard testimony in this case regarding alleged sexual conduct by R.C. which occurred prior to October of 2000. I instruct you that any testimony about alleged sexual conduct or statements by R.C. made prior to October of 2000 are not relevant to the question as to whether R.C. sexually harassed S.C. between October 2000 and January 11, 2001.

Further, you heard testimony about the actions taken by the defendant in March of 1999 in response to the "school bus incident". I instruct you that such testimony regarding the defendants actions, or alleged failure to act, is not relevant to the question as to whether the defendant was deliberately indifferent to known sexual harassment between October 2000 and January 11, 2001.

You are instructed that you are to consider only the acts of alleged sexual harassment actually known to the defendants after Mr. Traveis spoke to R.C. and S.C. in October of 2000 in deciding whether the defendant was deliberately indifferent to known sexual harassment.

I instruct you that the relevant inquiry in this case is not what the defendant should have known or could have known about the sexual contact between R.C. and S.C. after Mr. Traveis spoke to them, it is only whether the defendant actually knew of severe and pervasive sexual harassment by R.C. of S.C. after Mr. Traveis spoke to the boys. If you find that the defendant did not have actual knowledge of severe and pervasive sexual harassment in that time period, you must find for the defendant.

I instruct you that consent to sexual activity is not a relevant inquiry in this case. Instead, the plaintiff has the burden of proving that the sexual contact between S.C. and R.C. was initiated by R.C. and was unwelcome by S.C. Further, the plaintiff also has the burden of proving that the defendant actually knew of the sexual contact in the relevant time period and that the defendant knew that it was unwelcome by S.C. If you find that S.C. initiated the activity, or if you find that the plaintiff failed to prove that the activity was unwelcome by S.C., you must find for the defendant.

    Respectfully submitted,
    The Defendant,
    **Town of Tewksbury**
    By their attorney,

    /s/ Leonard H. Kesten
    Leonard H. Kesten, BBO# 542042
    Deborah I. Ecker, BBO # 554623
    BRODY, HARDOON, PERKINS & KESTEN, LLP
    One Exeter Plaza
    Boston, MA 02116
    (617) 880-7100

DATED: October 19, 2005