UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR DIRECTED VERDICT**

NOW come the Plaintiff SC, by and through is legal guardians, Ann Marie and Nicholas Porto, and respectfully requests that this Honorable Court deny Defendant's Motion for Directed Verdict. A Motion for Directed Verdict is proper where the Court determines that the facts, taken in the light most favorable to the Plaintiff, has fail to establish a *prima facie* case. Here, Plaintiff has presented credible evidence to support Defendant's liability under the standards of both Title IX and Title II of the Americans with Disabilities Act as follows:

1. SC was subject to escalating sexual harassment from 1997 to 2001 including sexually explicit storytelling, fondling of genitals, oral sex and repeated incidents of anal intercourse.

2. School officials were on notice of the harassment, acted with deliberate indifference and failed to keep SC safe from known risks of continuing sexual harassment.

3. Teachers and administrators failed to protect SC by providing services such as a functional behavioral assessment or a behavior intervention plan which would have provided SC with an educational opportunity to learn about appropriate and inappropriate touching behavior.

4. Tewksbury had no grievance procedure in its sexual harassment policy to protect SC from repeated sexual touching, as required by the Massachusetts Department of Education. School officials also failed to publish the school Code of Conduct, which prohibits sexual harassment. Moreover, SC's IEP did not require modification to the disciplinary Code of Conduct. Despite allegations that SC initiated and participated in sexual touching, school officials never disciplined SC nor did they utilize any other effective means to eliminate known risks and a hostile environment.

5. The school failed to speak with SC or to refer SC to counseling, failed to complete a home assessment and failed to notify the family of any comprehensive steps taken to maintain SC's safety at school. The school failed to adequately identify and address SC's needs related to social skills development.

6. The school's failure to protect SC from ongoing sexual harassment denied SC benefits of education as set forth above. In addition, for one year, SC received only ten hours of tutoring per week with no peer interaction. He also suffered attention difficulties during the relevant time period manifested by staring spells

and headaches.  SC often complained that he did not want to go to school and, once there, asked to be dismissed.  He also had three psychiatric hospitalizations in 2001 for emotional distress related to the school's unlawful conduct.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion for Directed Verdict.

Respectfully submitted,
PLAINTIFFS
By their Attorneys,


/s/ Lynn A. Leonard                                    /s/ Anita B. Sullivan
_____        _____
Lynn A. Leonard                                        Anita B. Sullivan
Attorney-At-Law                                        Attorney-At-Law
527 Main Street, Suite 8                           458 Main Street
Melrose, MA  02176                                 Wakefield, MA  01880
(781) 662-6161                                            (781) 224-0701
B.B.O. No. 561662                                   B.B.O. No. 628873

Dated:  October 19, 2005

3