UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                )
Ann Marie Porto and Nicholas Porto,              )
Individually and on Behalf of SC,                    )
a Minor Person with a Disability                      )
                                                                )  C.A. No. 04-CV10003-PBS
v.                                                                )
                                                                )
Town of Tewksbury                                       )
_____ )

**PLAINTIFF'S AMENDED JURY INSTRUCTIONS**

**TITLE IX**

**Changes:**

**Delete from Instruction No. 13**:  The word "unlawful" in the following sentence:  "That is because children that age and ability cannot legally consent to unlawful sexual touching.

**Add to Instruction No. 21**:  Sexual harassment in the workplace is vastly different from sexual harassment in a school setting.  Schools are charged with acting in loco parentis, while employers owe no such duty to their employees.  Further, employees are older and (presumably) know how to say no to unwelcome advances, while children may not even understand that they are being harassed.[1]

**Additional Instructions:**

---

[1] Mary M., et al v. North Lawrence Community School Corp., 131 F.3d 1220, 1226 (7th Cir. 1997)

1.  The inability to fully access an education is inherent in a school environment permeated by severe and pervasive sexual harassment.  "A non-discriminatory environment is essential to maximum intellectual growth and is therefore an integral part of the educational benefits that student receives.  A sexually abusive environment inhibits, if not prevents, the harassed student from developing [his] full intellectual potential and receiving the most from the academic program."[2]

2.  The type of conduct that may give rise to a hostile work environment includes, but is not limited to, unwelcome physical touching, sexual jokes, derogatory gender references or sexual propositions.  When examining whether the conduct was hostile, intimidating, or humiliating, it must be viewed in the light of a reasonable person in the plaintiff's position.[3]  In this case, that is, a child with cognitive limitations.

3.  School officials are deliberately indifferent to sexual harassment and liable for damages if they do not take action that is reasonably designed to end the harassment. School officials also act with deliberate indifference if they permit a hostile environment or do nothing to address a known hostile environment or to prevent the harassment of the plaintiffs or victims other than the plaintiffs.  When a school knows that any remedial

---

[2] Davis, 74 F.3d at 1193 (11th Cir. 1996).

[3] College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 165-167 (1987);  White v. N.H. Dep't of Corrections, 221 F.3d 254, 261 (1st Cir. 2000); Ramsdell v. Western Mass. Bus Lines, Inc., 415 Mass. 673. 677-79 (1993); Gnerre v. MCAD, 402 Mass. 502, 507-508 (1988); Ruffino v. State St. Bank & Trust Co., 908 F.Supp. 1019, 1036 n.28, 1038-39 nn. 34-35 (D.Mass. 1995); See also King v. Board of Regents of the Univ. of Wis. Sys., 898 F.2d 533, 537 (7th Cit. 1990) (single act can be sufficient for finding of sexual harassment).

action is inadequate or ineffective, it is deliberately indifferent if it does not take

reasonable action in light of those circumstances to eliminate the harassment.

4.  Children are far less able to articulate the fact and extent of their injuries and may

manifest an array of different reactions to the harassment."[4]  This is particularly true for

children with cognitive limitations and speech and language disabilities.

5. The inability to fully access an education is inherent in a school environment

permeated by severe and pervasive sexual harassment.  "A non-discriminatory

environment is essential to maximum intellectual growth and is therefore an integral part

of the educational benefits that student receives.  A sexually abusive environment

inhibits, if not prevents, the harassed student from developing [his] full intellectual

potential and receiving the most from the academic program."[5]

## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

6.  Disability harassment includes the failure to protect a disabled student against known

risks of physical or psychological harm by other students.[6]  This is because students with

disabilities are unable to protect themselves.  The school, acting *in loco parentis*, is

vicariously liable for harassment SC suffered as a direct result of his disability.

## M.G.L. ch. 214 § 1(C)

---

[4] Gabrielle M. v. Park Forest-Chicago Heights, et al., 315 F.3d 817 (7th Cir. 2003).
[5] Davis, 74 F.3d at 1193 (11th Cir. 1996).

[6] Disability Harassment in Public Schools, William and Mary Law Review, Vol. 43, No. 3 (February 2002).

Plaintiff's request an instruction regarding punitive damages under M.G.L. ch.

214 §1C.

## **GENERAL INSTRUCTIONS**

When judging the credibility of Stephen's testimony, you must take into

consideration his cognitive limitations.


Respectfully requested,
PLAINTIFFS
By their Attorneys,



/s/ Lynn A. Leonard                             /s/ Anita B. Sullivan
_____                    _____
Lynn A. Leonard                                 Anita B. Sullivan
Attorney-At-Law                                 Attorney-At-Law
527 Main Street, Suite 8                         458 Main Street
Melrose, MA  02176                              Wakefield, MA  01880
(781) 662-6161                                        (781) 224-0701
B.B.O. No. 561662                               B.B.O. No. 628873

Dated:  October 19, 2005