UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff SC hereby requests that this Court grant his Motion for Attorney's fees and costs of litigation against the defendant, Town of Tewksbury (the "Town"), in the above captioned matter.  As grounds therefore, SC states that on October 21, 2005, the jury returned a verdict in his favor and against the Town in the amount of $250,000.00 in compensatory damages and $1.00 in punitive damages on his claim of sexual harassment. As the prevailing party under Title IX and pursuant to 42 U.S.C. § 1988, SC is entitled to reasonable attorneys fees in the amount of $ 302,835.27 (See attached Time Sheets of Attorneys Lynn A. Leonard and Anita B. Sullivan) and costs of litigation ($43,535.69).

**I.    SC IS A PREVAILING PARTY WHOSE REASONABLE ATTORNEY FEES AND EXPENSES ARE COMPENSABLE**

As a prevailing party, SC is entitled to a fully compensatory award of his reasonable attorney fees and expenses, including fees incurred by his counsel in post judgment proceedings such as that which is required to defend post-trial motions and to obtain a fee award.  42 U.S.C. § 1988; Hensley v. Eckerhart; 461 U.S. 424 (1983); Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 553 n.1 (1986).

1

Given a jury verdict of $250,000 in his favor, and absent a ruling in favor of the Town on post-trial motions, SC is a prevailing party. "A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). The jury's award constitutes actual relief on the merits and payment of the judgment will modify the Town's behavior in a way that directly benefits SC and other students.

II.  **CONTROLLING PRINCIPLES AND THE APPLICATION OF RELEVANT FACTORS DICTATE A FULLY COMPENSATORY FEE AWARD**

   **A. The Hours For Which SC Seeks Reimbursement Were Reasonably Expended And Should Be Compensated**

A "fully compensatory fee" would encompass all hours reasonably expended on the litigation. Hensley v. Eckerhart, 461 U.S. 424 (1983). To determine what constitutes a "reasonable" attorneys' fees award, the "lodestar" amount must first be calculated. Tennessee Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st cir. 1994). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424, 433034 [1983]). This figure provides an objective basis on which to make an initial estimate of the value of a lawyer's services, Hensley, 461 U.S. at 433.

The burden is on the fee applicant to substantiate the hours worked and the rates claimed. Id. at 433, 437; Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In determining what is reasonable, the Court reviews detailed time records and may reduce

2

hours that are inadequately documented, or were unnecessary, duplicative or excessive. Hensley, 461 U.S. at 433-34. However, "[s]ome systematic perusal of the actual billing entries will often confirm that the reason for the seemingly high fee was not inefficiency, but careful compliance with the attorneys' responsibilities" Ferland v. Conrad Credit Corp. 244, F.3d 1145, 1149-51 (9th Cir. 2001).

### B. Multiple Representation Was Essential To The Successful Result

Where one attorney would have been sufficient, the Court will not allow recovery of fees of the work of two; the Court will discount the work of superfluous attorneys. Hart v. Bourque, 798 F.2d 519, 523 (1st Cir. 1986). "While there is no requirement of "an automatic reduction to . . . adjust for multiple representation or potential duplication," courts should be alert to "the potential duplication of services." Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir. 1983). The presence of more than two lawyers during trial or the presence of more than one lawyer at depositions and hearings must be justified to the court." Ramos, 713 F.2d at 554 n.4. In this case, two attorneys necessarily appeared at depositions and at trial.

Each attorney brought a particular specialty to the case. Attorney Lynn A. Leonard specializes in the area of civil rights. Attorney Anita B. Sullivan specializes in the area of special education. The specific expertise that each attorney brought to the case formed the basis of the decision to represent plaintiff in the first instance. A thorough understanding of both special education and civil rights law was critical to every phase of litigation. SC is a mentally retarded child whose civil rights were violated. The specialized issues were inextricably intertwined, and counsel worked collaboratively at depositions and at trial to ensure that all issues were addressed.

3

Counsel viewed the case from very different perspectives. The full participation of both counsel was critical to the successful outcome of the case.

### C. The Hourly Rates Sought Are Reasonable

After determining the number of hours reasonably expended, it becomes necessary to establish a reasonable hourly rate. The first step in setting a rate "is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." Ramos, 713 F.2d at 555. The customary rate of lawyers in private practice is a relevant, but not conclusive, factor. Id. The "hourly rates should be based on the lawyers' skill and experience in civil rights or analogous litigation," and the "quality of the lawyer's performance in the case should also be considered in placing a value on his or her services." Id.

Absent unusual circumstances, the "fee rates of the local area should be applied." Id. Accordingly, a district court "should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees." Id.

As set forth in the Affidavit of Nancy S. Shilepsky filed herewith, the rate requested for trial counsel and associate trial counsel is reasonable for attorneys with comparable litigation experience. (See Affidavits of Lynn A. Leonard and Anita B. Sullivan attached hereto as Exhibits 1 and 2). Based on the nature and complexity of the legal and factual issues in the case, counsel's performance at trial, the result achieved and the rates charged by other attorneys in Boston, a rate of $250.00 per hour for trial counsel

trial counsel and a rate of $200 per hour for associate trial counsel in this matter are fair and reasonable. In fact, current rates are higher than the requested rates.

Case law also supports the fee request in this matter. Recently, Magistrate Judge Collins issued an attorneys' fees award that approved as reasonable and in accord with the prevailing market rates, rates of $330-$445/hour. Stokes v. Saga International Holidays, Ltd., 376 F. Supp. 2d 86, 93 (D. Mass. 2005). Six years ago, in 1999, this Court awarded legal fees of up to $300/hour in United Companies Leading Corporation v. Sergeant, 32 F. Supp. 2d 21, 23 (D. Mass. 1999) (Young, J.) (noting that such rates "are not out of line with other law firms of comparable quality and size in Boston, Massachusetts during the relevant time periods"). Similarly, in 1998, Judge Saris awarded fees at the rate of $325/hour in Arthur D. Little International, Inc. v. Dooyang Corporation, 995 F.Supp. 217, 224 n.l, 1998 WL 84581 (D. Mass. 1998) (finding $325 hourly rate reasonable for work performed by lawyer twelve years out of law school and $275 hourly rate reasonable for work performed by lawyer seven years out of law school).

A recent fee award by Judge Keeton of this court indicates the reasonableness of the plaintiff's rate requests. In Change the Climate, Inc. v. Massachusetts Bay Transportation Authority, Judge Keeton awarded lead counsel, Harvey Schwartz and Sarah Wunsch, fees of $350/hour, associate Kimberly Scheckner fees at the rate of $225/hour, legal interns and paralegals at the rate of $100/hour and law students at the rate of $75/hour. Change the Climate, Inc. v. Massachusetts Bay Transportation Authority, United States District Court for the District of Massachusetts, Docket No. 00-10973-REK at 7-8.

In a case setting forth hourly billing rates eight years ago, the Massachusetts Superior Court found rates of $350/hour for lead counsel, $250/hour for an eighth year associate, and $180/hour for a third year associate reasonable. One Office, Inc. v. Lopez, Civil Action no. 96-2519, 1998 WL 1184117, at *1 (Mass.Super. Jan. 5, 1998) (Cowin, J.). Similarly, in another case from nearly 10 years ago, Judge Cratsley determined that $300/hour was "fair compensation" in a medical malpractice case. Swain v, Kamalsky, Civil Action No. 91-6193-C, 1996 WL 33401226 (Mass.Super. July 30, 1996).  Finally, in another 1996 case, the court awarded a civil rights attorney fees at $300/hour for core services performed beginning in 1993, Morgan v. Gittens, 915 F.Supp. 457, 470-473 (D. Mass. 1996).

Moreover, in the April 26, 2004 issue of Lawyer's Weekly Publications, the "Annual Survey of the 100 Largest Law Firms in Massachusetts" includes the hourly billing rates for many of the firms listed.  Hourly rates for partners in most firms exceed $500 per hour. The hourly rates for associates routinely exceed $300.00 and are as high as $450.00.  This rate information, combined with the information obtained from the practitioners elucidated above and fee awards made in the Boston are, makes it clear that the fees requested in the instant case fall well or below the rates sought by attorneys with comparable experience in Massachusetts.  Here, Attorney Lynn A. Leonard has twelve years litigation experience in employment law and civil rights.  Attorney Anita B. Sullivan has nine years litigation experience in family law and special education matters.

### III.    THE LODESTAR AMOUNT MAY BE ADJUSTED UPWARD OR DOWNWARD

In limited circumstances, the lodestar figure may be adjusted upward or downward, taking into account twelve factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment  by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Hensley, 461 U.S. at 430 n. 3, 434 n. 9.

### A.   Plaintiff's Excellent Result Warrants No Reduction of the Lodestar for Less Than Complete Success

The time expended by counsel in this case was necessary and appropriate for the claim.  Plaintiff has included all hours reasonably expended including hours for unsuccessful portions of the litigation.  Time spent on unrelated, unsuccessful claims is not reasonably expended and may be excluded before calculating the lodestar.  However, when a lawsuit can be considered on the whole as involving one "claim," time spent on the unsuccessful portions of the litigation is not excluded from the lodestar calculation.  Hensley, 461 U.S. at 434.  Claims are sufficiently related when they "involve a common core of facts" or are "based on related legal theories."  Id.

Even though a court may believe issues were unnecessarily litigated, the "question . . . is whether the plaintiffs acted reasonably under the circumstances facing them and whether they achieved 'excellent results' on what were clearly nonfrivolous, interrelated theories based on a common core of facts."  Ramos, 713 F.2d at 556.  A plaintiff who enjoys *excellent or substantial*, although not complete, success in the

litigation is entitled to a fully compensatory statutory fee for all time expended in the effort. For purposes of evaluating the degree of the plaintiff's success for fee-calculation purposes, the Supreme Court has rejected a rigid "mathematical approach comparing the total number of issues in the case with those actually prevailed upon." Hensley, 461 U.S. at 435 n. 11.

SC achieved great success on his Title IX claim, particularly given the complexity of the case and the size of the jury's award; therefore, he is entitled to full compensation for his attorney's services including for time spent on unsuccessful claims that are inextricably intertwined with the successful issues in the litigation. Here, the principal claim was sexual harassment discrimination. The unsuccessful negligence, intentional infliction of emotional distress and disability discrimination claims were "intimately related" to the Title IX claim because they were based on a "common core of facts."

Plaintiff had only one claim, regardless of the causes of action invoked, the forms of relief sought, or the different motions filed: that it was illegal for defendant to act deliberately indifferent to his civil rights. Throughout this litigation, plaintiff's attorneys channeled their energy into ensuring that the Town's deliberate indifference was declared unlawful by a jury, which they achieved.

 **B. The Circumstances of This Case Warrant an Enhancement of Lodestar Amount**

The basic lodestar calculation may be enhanced to reflect special circumstances, e.g., complexity or difficulty, of a given case. Hensley, 461 U.S. at 434; Walsh v. Carney Hospital Corp., No. 94-2583, 1998 WL 1284167 (Mass, Super. Ct. June 10, 1998) (Cowin, J.) (enhancing the lodestar fee by twenty percent noting that the case was not a "simple" discrimination case). SC seeks such an enhancement in the instant case based

8

on the complexity of the case, the novel issues and the extraordinary outcome won for the plaintiff. This was not a "simple" sexual harassment discrimination case. Plaintiff's counsel faced diligent opposing counsel who raised, and fought, every possible legal issue in the case.

The sheer volume of discovery required by this case -- there were 15 days of depositions and thousands of documents -- gives some indication of the difficulty inherent in prosecuting it. In addition, this case presented a number of interesting and challenging issues that required more than the usual amount of legal preparation. In fact, the case was declined by several attorneys before counsel accepted representation. Counsel assumed a significant risk by handling the case on a contingency fee basis, particularly in light of high standard required to establish deliberate indifference on the part of the Town.

Finally, the outcome achieved by counsel warrants an enhancement to the basic lodestar amount. Given the difficulties of this case, including but not limited to the challenges presented by the defendants, the risk assumed by counsel, and the extraordinary outcome achieved by counsel, this case satisfies all the criteria for a case warranting an enhancement to the lodestar amount.

**IV. PLAINTIFF IS ENTITLED TO AN AWARD OF INTEREST**

SC filed claims under state law (G.L. 214 §1C) and federal law (Title IX) for sexual harassment. Under Massachusetts law, pre-judgment interest at a rate of twelve percent (12%) per annum begins to run on the date the complaint is filed. M.G.L. a. 231 §63. Federal law is silent on this issue. An award of pre-judgment interest is "an element of complete compensation." Loeffler V. Frank, 108 S. Ct. 1965, 1971 (1988).

The objective is "to make the victims of unlawful discrimination whole by restoring them, so far as possible to a position where they would have been were it not for the unlawful discrimination." Ford Motor Co. v. EEOC, 458 U.S. 219, 230 (1982).

Plaintiff requests that he be awarded pre-judgment interest on the award of compensatory damages and on any portion awarded as costs and attorneys fees from January 5, 2004, the date of filing the Complaint.  Nardone v. Patrick Motor Sales, Inc., 46 Mass. App. Ct. 452 (1999).  SC further requests that he be awarded post-judgment interest where applicable on all amounts awarded at the Massachusetts rate from November 10, 2005.

### V.  EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT WERE REASONABLE AND ARE COMPENSABLE

The expenses for which reimbursement is sought are the actual expenses reasonably and necessarily incurred and should be awarded. Expenses include the traditional range of litigation expenses that most courts find recoverable as part of statutory attorney's fees including but not limited to fees for photocopies, postage, deposition transcripts, parking and expert witness fees.

### VI.  CONCLUSION

The requested attorney fees are below the fair market rate, and the time was reasonably spent preparing and litigation this case.  Accordingly, the attorneys' fees ($302,835.27) and costs ($43,535.69) should be awarded in the amount of $346,370.96 as requested.  In addition, because the case was complex and difficult to prosecute, and involved substantial risk on the part of the plaintiff's counsel, the basic lodestar should be

enhanced. Lastly, pre-judgment and post-judgment interest should be awarded at the Massachusetts state rate of 12 percent.

Case 1:04-cv-10003-PBS     Document 118     Filed 11/25/2005     Page 11 of 12

Respectfully requested,
PLAINTIFFS
By their Attorneys,


/s/ Lynn A. Leonard                          /s/ Anita B. Sullivan
_____          _____
Lynn A. Leonard                              Anita B. Sullivan
Attorney-At-Law                              Attorney-At-Law
527 Main Street, Suite 8                 458 Main Street
Melrose, MA  02176                       Wakefield, MA  01880
(781) 662-6161                               (781) 224-0701
B.B.O. No. 561662                          B.B.O. No. 628873

Dated:  November 25, 2005