UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04 - 10003 PBS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of S.C., a Minor Person with a Disability,<br><br>Plaintiffs<br><br>vs.<br><br>Town of Tewksbury<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

The Defendant hereby opposes the Plaintiff's Motion to Strike Defendant's Supplemental Memorandum in Support of JNOV. As grounds therefore, the Defendant states that the plaintiff's Motion is based on a typographical error in the defendant's filing. The suggestion that the defendant was attempting to intentionally mislead the Court is patently ridiculous.

The passage referenced by the Plaintiffs in their Motion to Strike was taken by the defendant from the Plaintiffs' Further Opposition to Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial at p. 9. In transcribing the passage to their motion, the Defendant's counsel inadvertently replaced Stephen's name with Richard's. A reading of the remainder of the passage makes it abundantly clear that the Defendant did not intend to mislead the Court as the remainder of the names referenced in the paragraph are correct. In fact, the Defendant was referencing the passage in their Supplemental Memorandum in support of JNOV in order to illustrate to the Court why the passage does not support the Plaintiffs' claim that there was non-hearsay evidence introduced at trial from which a reasonable jury could find that it was Richard who initiated the sexual

1

behavior in the bathroom at the Wynn Middle School. The paragraph following the trial transcript passage discusses why the passage cited by the Plaintiffs does not provide support for their argument. In that paragraph, the Defendant goes on to set forth evidence regarding the specific sexual conduct in the bathroom at the Wynn Middle School in January of 2001.

The Defendant points out to the Court that the passage at issue in this latest Motion fully supports the Defendant's argument that there exists no evidence in the record from which a reasonable jury could find that Richard sexually harassed Stephen during their sexual behavior in the Wynn Middle School. The Plaintiff has repeatedly failed to point the Court to such evidence because none exists.

WHEREFORE, the Defendant asks this Court to deny the Plaintiffs' Motion to Strike; to consider the entire record of the competent trial evidence; and to allow the Defendant's Motion for JNOV.

>Respectfully submitted,
>The Defendant,
>**Town of Tewksbury**
>By their attorney,
>
>/s/ Leonard H. Kesten
>Leonard H. Kesten, BBO# 542042
>Deborah I. Ecker, BBO # 554623
>BRODY, HARDOON, PERKINS & KESTEN, LLP
>One Exeter Plaza
>Boston, MA 02116
>(617) 880-7100

DATED: March 22, 2006