UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ann Marie Porto and Nicholas Porto, Individually and on Behalf of SC, a Minor Person with a Disability<br><br>v.<br><br>Town of Tewksbury | )<br>)<br>)<br>)<br>) C.A. No. 04-CV10003-PBS<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REVISED REQUEST FOR ATTORNEY'S FEES

Now comes Plaintiff in the above-referenced matter and submits the following revised attorney's fees request pursuant to the Court's order as follows:

1. On November 25, 2005, Plaintiff filed a Motion for Attorneys' Fees in the amount of $302,835.27 and for costs in the amount of $43,535.69.[1]

2. On January 20, 2006, Plaintiff filed a first Addendum to the Motion for Attorney's Fees for post-trial matters seeking an additional $12,450.00 in attorney's fees and $252.03 in costs.

3. On April 15, 2006, Plaintiff filed a second and final Addendum for post-trial matters requesting an additional $17,139.00 in attorney's fees and $396.44 in costs. This brought the total attorney's fees request to $332,424.27 and the total costs to $44,184.13.

4. On May 1, 2006, the Court issued an Order requesting a revised attorney's fee request.[2] In accordance with the Court's Order, counsel eliminated vague and

---

[1] Costs are undisputed and are detailed in Plaintiff's first Motion for Attorney's Fees and subsequent Addendums.
[2] It appears from the Order that the Court did not review the two Addendums filed for post-trial matters. Counsel nonetheless revised the Addendums in keeping with the Court's Order.

poorly documented time entries, reduced excessive hours[3] and designated non-core hours, as reflected in Exhibits 1 and 2. In addition, counsel recalculated the fees based on a core rate of $200. (See Exhibits 3 and 4.) All fees are for services directly related to plaintiff's federal court claims.

5. "Non-core" work is work that a lawyer performed, but that could have been done by someone else on their staff based upon the skill required. <u>Lipsett v. Blanco</u>, 875 F.2d 934, 950-1 (1st Cir. 1992). Applying this standard, Counsel delineated 29.1 non-core hours. (Exhibit 2. pp. 5-6).

6. The revisions reduced the original Motion for Attorney's Fees from $302,835.27 to $243,500 and the post-trial Addendums from $29,589.00 to $24,280.00. (See Time Slips attached hereto as Exhibits 3 and 4). The revised attorney's fees request seeks a total award of $267,780.00, a $63,644.27 reduction in fees.

Wherefore, Plaintiff requests that this Court award attorney's fees in the amount of $267,780.00 and costs in the amount of $44,184.13.

Respectfully requested,
PLAINTIFFS
By their Attorneys,


/s/ Lynn A. Leonard                          /s/ Anita B. Sullivan
_____                      _____
Lynn A. Leonard                              Anita B. Sullivan
Attorney-At-Law                              Attorney-At-Law
527 Main Street, Suite 8                     458 Main Street
Melrose, MA  02176                           Wakefield, MA  01880
(781) 662-6161                               (781) 224-0701
B.B.O. No. 561662                            B.B.O. No. 628873

---

[3] All remaining hours are reasonable, particularly in light of the rate assigned by the Court for counsel's level of experience in federal civil rights litigation.

Dated: May 15, 2006