UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Ann Marie Porto and Nicholas Porto, <br> Individually and on Behalf of SC, <br> a Minor Person with a Disability <br><br> v. <br><br> Town of Tewksbury | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 04--CV10003-PBS <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S MOTION TO STRIKE DEENDANT'S OPPOSITION TO PLAINTIFF'S REVISED MOTION FOR ATTORNEY'S FEES

Now comes plaintiff in the above-referenced matter, by and through counsel, and respectfully requests that this Honorable Court strike Defendant's Opposition to Plaintiff's Revised Request for Attorney's Fees. As grounds therefore, plaintiff states the following:

1. Pursuant to the Court's order of May 1, 2006, plaintiff's counsel timely submitted a Revised Request for Attorney's Fees on May 15, 2006. According to the Order, defendant's Opposition was due within one week thereafter. Defendant's brief was filed on May 31, 2006 and is, therefore, untimely.

2. Defendant argues that plaintiff's counsel did not fully designate core versus non-core time, as ordered by the Court. Defendant lists "additional non-core hours" allegedly omitted from plaintiff's attorneys' revised bills. Defendant's argument misrepresents the facts. First of all, the hours listed by defendant are in large part the same hours already designated by plaintiff's counsel as non-core hours. (See Plaintiff's Revised Request for Attorney's Fees, Exhibit No. 2, pp. 5-6.)

3. Defendant also lists various correspondence and telephone calls as non-core work. In fact, the letters and calls were to lawyers, medical and other professionals regarding legal and technical matters. These and other tasks were properly characterized as core work because they required legal expertise or authority.[1] See, Lipsett v. Blanco, 875 F.2d 934, 950-1 (1st Cir. 1992). In addition, hours related to plaintiff's special education services are directly relevant plaintiff's loss of educational benefits and to damages suffered by plaintiff.

    Of the hours listed in defendant's brief, only 1.7 non-core hours were inadvertently omitted from counsel's revised time sheets as follows:

---

[1] The fact that legal expertise and authority was required may not be apparent from a task entry. For example, only an attorney presenting a bar card can access information at the RMV. (See entry from LAL Time Slips 12/29/03).

1

<u>ABS Time</u>

| | | |
|---|---|---|
| 5/15/04 | track down Dept. of Mass Health billing records | .3 |
| 6/14/04 | receive and review notice of deposition, f/u re: scheduling | .2 |
| 10/13/04 | e-mail to Lynn Leonard f/u re: depo mini's | .1 |
| 2/8/05 | rec. return corres. and investigate change of address | .1 |
| 3/8/05 | note to calendar rescheduled dates | .1 |
| 6/28/05 | call to Eagleton re: appt. | .1 |
| 7/1/05 | call to Eagleton for appt. P. Doherty | .6 |
| 8/17/05 | call to constable D. Muscowitz | .2 |

4. Defendant asks the Court to deduct non-core hours from the fee petition. Plaintiff requests that the Court exercise its discretion under the law to assign separate rates differentiating between core and non-core work. <u>Brewster v. Dukakis</u>, 3F.3d 488, 492 n.4 (1st Cir. 1993); <u>Maceira v. Pagan</u>, 698 F.2d 38, 40-41 (1st Cir. 1983). This is reasonable, given the significant reduction already taken in counsel's hourly rate and in hours expended.[2] In cases where Courts differentiate between core and non-core work, courts have charged non-core work at two-thirds of the particular lawyer's rate for core work. <u>Wilson v. McClure</u>, 135 F.Supp. 2nd 66, 72 (D. Mass. 2001); <u>Ciulla v. Rigny</u>, 89 F. Supp. 2d 97, 104-05 & n. 9 (D. Mass. 2000).

5. Defendant's untimely brief and attempt to misrepresent the hours submitted by counsel should be stricken in the interests of justice.

WHEREFORE, plaintiff respectfully request that the Court strike Defendant's Opposition and allow Plaintiff's Revised Request for Attorney's Fees.

Respectfully requested,
PLAINTIFF
By his Attorneys,


/s/ Lynn A. Leonard                          /s/ Anita B. Sullivan
_____                    _____
Lynn A. Leonard                              Anita B. Sullivan
Attorney-At-Law                              Attorney-At-Law
527 Main Street, Suite 8                     458 Main Street
Melrose, MA  02176                           Wakefield, MA  01880
(781) 662-6161                               (781) 224-0701
B.B.O. No. 561662                            B.B.O. No. 628873

Dated: June 1, 2006

---

[2] See Plaintiff's Revised Request for Attorney's Fees, Exhibit Nos. 1 and 2, which detail the significant reductions taken by counsel.

2